RITTER *v.* TERMAN.

1. Automobiles—Pleading—Pedestrian's Action Against Motorist.

Declaration in pedestrian's action against motorist containing averments that while plaintiff was walking southerly across street defendant, while operating his car in an easterly direction, suddenly swerved it and collided with plaintiff, when taken in conjunction with allegations that defendant failed to operate his car in a careful manner and with due regard for rights and safety of others as required by statute and that he saw her crossing the street and with a reckless and intentional disregard of the consequences collided with her without making proper effort to avoid injuring her *held,* to have stated a cause of action (1 Comp. Laws 1929, § 4696).

2. Same—Pedestrians Crossing Street—Pleading—Walking or Standing—Variance.

Since liability of motorist for injuries he inflicted on pedestrian while she was crossing a street does not depend on whether at instant of accident she was walking or standing, averment that she was walking across street at given place apprized defendant of negligent conduct with which he was charged especially where next paragraph averred she was crossing the street and proof that at instant of accident she was standing did not constitute a fatal variance.

3. Same—Pedestrian Crossing Street—Motorist on Left Side of Street.

Under allegation that plaintiff pedestrian was walking southerly across street in front of her home, proof that she was north of center line when hit by motorist proceeding easterly *held,* not a variance on the ground there was no allegation motorist was on left or wrong side of street, especially in view of testimony motorist had just overtaken another easterly-driven car and had suddenly swerved left to pass it as defendant would then have a right to proceed on north side of street provided he exercised reasonable care in so doing (1 Comp. Laws 1929, §§ 4696, 4703, 4706).

4. SAME—PEDESTRIANS—THEORY OF CASE—SUBMISSION TO JURY—
DUE REGARD FOR RIGHTS AND SAFETY OF OTHERS—TRAFFIC VIOLA-
TION.

> Submission of pedestrian's case against motorist to jury under
> theory that he failed to operate his car in a careful manner and
> with due regard for the rights and safety of others where evi-
> dence showed that while plaintiff stood in northerly side of
> street in an apparently safe place defendant suddenly and
> without warning and while driving very fast, swerved from
> behind another car, crossed to side where plaintiff stood and
> struck her *held*, proper, although she might not have been en-
> titled to go to jury on theory defendant was guilty of action-
> able negligence because he violated general traffic regulation
> by driving his car to left of center line of the street (1 Comp.
> Laws 1929, § 4703).

5. PLEADING—TEST OF SUFFICIENCY OF DECLARATION.

> The test of sufficiency of a declaration as set forth in both stat-
> ute and court rule is that it shall reasonably inform the de-
> fendant of the nature of the case he is called upon to defend
> (3 Comp. Laws 1929, § 14118; Court Rule No. 19, § 1 [1933]).

6. AUTOMOBILES—PLEADING—PEDESTRIAN'S CAUSE OF ACTION AGAINST
MOTORIST—SUFFICIENCY OF DECLARATION.

> In pedestrian's action against motorist for injuries received while
> crossing a street, declaration *held*, to contain a sufficiently
> specific and unequivocal statement of the essential facts on
> which she relies for recovery (3 Comp. Laws 1929, § 14118;
> Court Rule No. 19, § 1 [1933]).

7. SAME — NEGLIGENCE — CONTRIBUTORY NEGLIGENCE — EVIDENCE —
QUESTIONS FOR JURY.

> In pedestrian's action against motorist for injuries sustained
> while crossing street when he suddenly swerved to left in at-
> tempt to pass overtaken vehicle, plaintiff *held*, to have offered
> sufficient evidence tending to prove actionable negligence on
> part of defendant and freedom from contributory negligence
> on the part of plaintiff to go to jury.

8. COSTS—UNNECESSARY PRINTING.

> No costs are allowed appellant, successful in having case reversed
> on appeal, for 25 pages of record in which are unnecessarily
> printed all the circuit court rules of county in which case was
> tried.

Appeal from Wayne; Webster (Clyde I.), J. Submitted April 13, 1938. (Docket No. 98, Calendar No. 40,017.) Decided June 8, 1938.

Case by Gertrude Ritter against Abie Terman for personal injuries sustained when struck by an automobile while crossing a street. Directed verdict and judgment for defendant. Plaintiff appeals. Reversed and new trial granted.

*Dohany & Dohany,* for plaintiff.

*Ernest P. La Joie,* for defendant.

NORTH, J. Plaintiff, while attempting to cross in a southerly direction Pingree avenue in Detroit, was struck by an automobile owned and driven by defendant. She sustained bodily injuries and has brought this suit for damages. At the conclusion of plaintiff's proofs, on defendant's motion, the trial judge directed the jury to render a verdict for defendant. Judgment was entered on the verdict so rendered. Plaintiff has appealed.

The verdict was directed because of the holding of the circuit judge that plaintiff offered no testimony tending to establish her cause of action as alleged in her declaration. In holding that there was a fatal variance between the allegations in plaintiff's declaration and her proofs, the circuit judge said:

"We have here a case where the declaration alleges that an accident happened one way and the proofs show that it happened another way. * * *

"The declaration in this case charges that this accident happened in a certain way, at a certain place, specifically, that it happened while 'the plaintiff was walking in a southerly direction across Pin-

gree avenue in front of and toward her home at 1963 Pingree avenue, when the defendant, while operating his automobile in an easterly direction along said Pingree avenue, caused the same to be suddenly swerved and to collide with the plaintiff, thereby causing her to suffer severe and permanent injuries as hereinafter set forth.'

"The proofs in the case show that the accident happened on the wrong side of the road while she was *standing still*, not while she was *walking across* the street; and if the accident happened while she was standing still and on the wrong side of the street, that should have been averred in the declaration."

We are constrained to disagree with the conclusion reached by the trial judge. The portion of the declaration above quoted by the circuit judge, in conjunction with the following allegations, stated a cause of action.

"Yet the defendant, well knowing his duties in this regard, negligently failed to do and perform the same, and did not operate his said automobile in a careful and heedful manner, and with due regard for the rights and safety of others, and with due caution and circumspection; * * * as required by 1 Comp. Laws 1929, § 4696. * * *

"And plaintiff avers that the defendant saw, or should have seen, her while she was crossing said Pingree avenue, and * * * notwithstanding these facts, the defendant * * * with a reckless and intentional disregard of the consequences caused and permitted his said automobile to collide with plaintiff, without the exercise of any proper effort to avoid injuring her."

While it is true that plaintiff's testimony is to the effect that just at the instant the accident happened she was "standing" in the traveled portion of the

avenue instead of "walking in a southerly direction across said Pingree avenue," as alleged in paragraph seven of her declaration, still we are of the opinion that this is not a failure to plead plaintiff's case with such a degree of certainty and accuracy as reasonably apprized defendant of the negligent conduct with which he was charged and upon which plaintiff relied. Liability in a case of this character does not depend upon whether plaintiff at the instant of the accident is walking or standing as a part of her conduct in crossing the avenue. Especially must it be held that this slight variance, if it can be called a variance at all, did not mislead defendant in any way because in the next paragraph of the declaration plaintiff recites that the accident happened not while she was "walking" but "while she was crossing said Pingree avenue."

Notwithstanding the trial judge's direction of a verdict for defendant clearly seems to have been based on the so-called variance above noted, defendant's motion was evidently made on a different theory. We quote defendant's counsel:

"I want to make a motion to strike from this record all testimony to the effect that the defendant in this case drove on the left hand or north side of the street, for the reason that there is no allegation in the declaration filed in this case that the defendant drove on the left hand or wrong side or north side of Pingree avenue and caused this accident."

Following a somewhat lengthy colloquy the circuit judge granted defendant's motion above quoted. Thereupon defendant's counsel made the following motion:

"I now make a motion for directed verdict of no cause of action for the following reasons: First, be-

cause there is no testimony before the court which would tend to absolve the plaintiff of contributory negligence. There is no testimony before the court showing that the defendant was negligent or that his negligence was the proximate cause of the accident. There is no testimony before the court showing where the accident happened or how it happened.''

It is true plaintiff's declaration does not allege that defendant drove his automobile on the ''left or wrong side'' of Pingree avenue; but plaintiff fixes the manner and place of the accident by the following allegation:

''And plaintiff avers * * * she was walking in a southerly direction across said Pingree avenue, in front of and toward her home at 1963 Pingree avenue, when the defendant, while operating his said automobile in an easterly direction along said Pingree avenue, caused the same to be suddenly swerved and to collide with plaintiff, thereby causing her to suffer severe and permanent injuries.''

It will be noted that plaintiff does not allege that she was either north or south of the center line of Pingree avenue; and surely proof that she was north of the center line when struck is in no way a variance from the allegation of her declaration. Testimony was taken in support of plaintiff's claim that immediately prior to the accident defendant overtook another automobile going east, that defendant turned his automobile to the left in an effort to pass the vehicle ahead of him, that in so doing defendant ''suddenly swerved'' his car to the left across the center line of the street, and carelessly struck and injured plaintiff. Under such a claimed factual situation plaintiff could not properly allege that defendant was on his ''wrong'' side of the avenue, because under the statute in passing a vehi-

cle defendant had a right to pass to his left side of the center line of the avenue, provided in so doing he exercised reasonable care. 1 Comp. Laws 1929, §§ 4703, 4706 (Stat. Ann. §§ 9.1571, 9.1574). It may be that plaintiff under the circumstances alleged could not have her case submitted to the jury on the theory that defendant was guilty of actionable negligence because in violation of the general statutory traffic regulation (1 Comp. Laws 1929, § 4703) he drove his car to the left of the center line of the avenue; but it does not follow that plaintiff's case should not have been submitted to the jury under the allegations of her declaration and the proofs taken. There was testimony that while plaintiff in the act of crossing the avenue was in an apparently safe position, defendant, when his car was 10 or 15 feet from her, without sounding his horn as a warning, while driving his auto very fast, swerved it suddenly from behind another car, crossed to the side of the 26-foot pavement where plaintiff was standing, struck and severely injured her. Surely testimony of such facts tends to support plaintiff's allegations of defendant's negligence that he "did not operate his automobile in a careful and heedful manner, and with due regard for the rights and safety of others."

In this State what constitutes a sufficient allegation in such a declaration is covered both by statute and court rule.

"No declaration shall be deemed insufficient which shall contain such information as shall reasonably inform the defendant of the nature of the case he is called upon to defend." 3 Comp. Laws 1929, § 14118 (Stat. Ann. § 27.812).

"The declaration shall contain such specific allegations as will reasonably inform the defendant of

the nature of the cause he is called upon to defend.''
Court Rule No. 19, § 1 (1933).

It must be held that plaintiff's declaration contains a sufficiently specific and unequivocal statement of the essential facts on which she relies for recovery, and in that respect complies with the requirements of proper pleading. *Michigan Aero Club* v. *Shelley,* 283 Mich. 401. It is also apparent that plaintiff offered testimony tending to prove actionable negligence on the part of defendant.

We are not in accord with appellee's contention that plaintiff offered no testimony tending ''to absolve the plaintiff from contributory negligence.'' Instead the testimony taken covered the details of the accident as plaintiff claimed it happened, and was amply sufficient to justify a jury in finding plaintiff free from contributory negligence. The testimony offered by plaintiff should not have been stricken and verdict for defendant should not have been directed.

In view of the conclusion hereinbefore reached it is unnecessary to consider appellant's contention that the circuit judge in denying her motion to amend the declaration was guilty of an abuse of discretion, or other questions discussed in the briefs. The judgment entered in the circuit court is reversed and a new trial granted. Appellant will have costs of this court but not including taxable costs for 25 pages of the record in which are unnecessarily printed all the circuit court rules of Wayne county.

WIEST, C. J., and BUTZEL, BUSHNELL, SHARPE, POTTER, CHANDLER, and McALLISTER, JJ., concurred.