## TAIT v. NASH

1. Trial — Pretrial Conference — Pretrial Statement — Amendments.

An accepted purpose of the pretrial conference is to narrow the factual and legal issues for trial, and for this reason the pretrial statement controls the subsequent course of the action unless the trial court permits amendment thereto to prevent manifest injustice (GCR 1963, 301.3).

2. Negligence — Trial — Pretrial Summary — Pleadings — Opening Statement.

A cause of action based on the theory of negligence may be generally pleaded, and the court's pretrial conclusion that the "cause of action be limited to the allegations of the defendant physically and manually closing the trunk lid in a negligent manner on the plaintiff's head" and plaintiff's opening statement that the defendant "did not hold the trunk lid like she knew she should" is sufficient to raise the factual issue of defendant's negligence (GCR 1963, 111.1).

3. Negligence—Pleadings.

An attempt to distinguish between negligent misfeasance and negligent malfeasance so that each must be pled to the exclusion of the other is at best tenuous.

4. Negligence—Due Care.

One who assumes to act becomes liable if he fails to act with due care.

References for Points in Headnotes

[1] 53 Am Jur, Trial § 11.
[2] 38 Am Jur, Negligence § 261.
[3, 5] 38 Am Jur, Negligence §§ 258–284.
[4] 38 Am Jur, Negligence §§ 29–42.
[6] 53 Am Jur, Trial §§ 8–11.

5. PLEADINGS—PURPOSE—NEGLIGENCE—PRETRIAL SUMMARY.

> The purpose of a plaintiff's pleading is to give notice of his claim which is sufficient to permit the opposite party to take a responsive position, and the plaintiff's allegations and the court's pretrial summary which limited the issue to the defendant's negligence in physically or manually closing the trunk of a car on the plaintiff's head was sufficient to apprise the defendant of the nature of plaintiff's cause of action.

6. TRIAL—PRETRIAL SUMMARY.

> The design of the pretrial summary is to promote litigation of the case on its merits and not thwart its very objective.

Appeal from Wayne, Joseph G. Rashid, J. Submitted Division 1 February 6, 1970, at Detroit. (Docket No. 6,990.) Decided October 28, 1970.

Complaint by Margaret Tait against Gladys Nash for negligence. Defendant's motion for summary judgment granted. Motion for a new trial denied. Plaintiff appeals. Reversed and remanded.

*Lee Roy H. Temrowski (C. Michael Kimber, of counsel), for plaintiff.*

*Sullivan, Sullivan, Ranger & Ward, for defendant.*

Before: LEVIN, P. J., and J. H. GILLIS and BRONSON, JJ.

J. H. GILLIS, J. Plaintiff appeals from the Wayne County Circuit Court's order denying her motion for a new trial. Pursuant to defendant's motion, the trial court entered an order for summary judgment, GCR 1963, 117.2(1), against plaintiff in that her opening statement failed to state a cause of action. See: *Stevens* v. *Stevens* (1959), 355 Mich 363; *Coon* v. *Williams* (1966), 4 Mich App 325;

*Ambrose* v. *Detroit Edison Company* (1968), 380 Mich 445.

Plaintiff was injured when the trunk lid of defendant's automobile fell on her head. Plaintiff, in her original complaint, stated the cause of action to be:

"That the plaintiff herein had used the facilities located in the Norge laundry and was in the process of putting certain washed clothing into the trunk of the defendant's automobile, * * * the *defendant carelessly and negligently cause* [*sic*] *the trunk lid to strike the plaintiff* on the right side of her head, inflicting severe, personal injuries upon the person of the plaintiff herein." (Emphasis supplied.)

This allegation was further supported by general averments that the defendant had a duty to the plaintiff and that there was a breach of this duty.

Plaintiff, on appeal, raises two issues, neither of which directly bears upon the question implicitly raised herein. But, from the tenor of this appeal, taken as a whole, it is unquestionable that the plaintiff's challenge is directed at the trial court's grant of summary judgment in defendant's favor. *Detroit Trust Co.* v. *Hartwick* (1936), 278 Mich 139. Thus, the real issue is whether the plaintiff's opening statement was so far afield from the pretrial summary that it, in effect, surprised the defendant, as she alleged, and introduced a new cause of action.

It has long been an accepted purpose of the pretrial conference to narrow the factual and legal issues for trial. It is for this reason that the pretrial statement must be given the effect specified in the rule, that is to control the subsequent course of the action. GCR 1963, 301.3; *Applebaum* v. *Wechsler* (1957), 350 Mich 636; *Willingham* v. *City of Dearborn* (1960), 359 Mich 7; *Conroy* v. *Harrison*

(1962), 368 Mich 310; *Wentzel* v. *Hutchinson* (1963), 370 Mich 420; *Kolton* v. *Nassar* (1958), 352 Mich 337. However, the trial court in its discretion may permit amendments thereto to prevent manifest injustice. *Bednarsh* v. *Winshall* (1965), 374 Mich 667.

Prior to the pretrial conference, pursuant to GCR 1963, 301.1(8),[1] depositions were taken by the parties and are part of the record before this Court. It is apparent from an examination of those depositions that it was the intent of the plaintiff to omit as a cause of action any allegation of mechanical failure in the spring latch which would normally have held the trunk lid in the opened position. It is for this reason the words "physically and manually" were used in the final summary statement. The cause of action finally settled upon at pretrial was one seated on a theory of negligence. In its summary, the pretrial court concluded that the original complaint was unsatisfactory and should be amended to read:

"The pleadings may be amended to show that it is further stipulated by plaintiff that *this cause of action is limited to the allegation of the defendant physically and manually closing the trunk lid in a negligent manner* on the plaintiff's head." (Emphasis supplied.)

It is the defense argument that plaintiff's opening statement at trial was totally inconsistent and diametrically opposed to the pretrial summary:

"Earlier, we pointed out that there was a discussion about whether Sister Nash [the plaintiff and defendant are step-sisters] closed the trunk on her. We are not going to say that. We don't believe Sister Nash did anything deliberate. *We are only charging here that Sister Nash did not hold the*

---

[1] Added by amendment of July 19, 1966, effective January 1, 1967, 378 Mich xxiii.

*trunk lid like she knew she should."* (Emphasis supplied.)

A cause of action based on the theory of negligence may be generally pleaded. GCR 1963, 111.1; *Major* v. *Schmidt Trucking Company* (1968), 15 Mich App 75. The defendant's allegation that the plaintiff's opening statement raised a new cause of action in effect argues that to charge that defendant "did not hold the trunk lid like she knew she should" is, in and of itself, not an allegation based on a theory of negligent conduct. Thus, the defendant would urge that the court distinguish between negligent misfeasance and negligent malfeasance, and that each must be pleaded to the exclusion of the other. See *Hart* v. *Ludwig* (1956), 347 Mich 559. We see such a distinction as being tenuous at best. See *Flynn* v. *Brownell* (1963), 371 Mich 19. Rather, it is apparent that the plaintiff's cause of action in negligence is based upon "the recognized principle that one who assumes to act * * * becomes liable if he fails to act with due care." *Ray* v. *Transamerica Insurance Company* (1968), 10 Mich App 55, 58; *Talucci* v. *Archambault* (1969), 20 Mich App 153, 161.

Furthermore, the defendant's attorney, in his argument to the trial court for summary judgment, admitted the possibility that a theory of negligence might include both misfeasance and malfeasance:

"The case came on for pretrial on June 27th 1967, before Judge Farmer of this circuit, at which time it was demanded that because of the plaintiff's version of the accident, and the complaint, that he specifically state whether he was claiming that there was a defective trunk or *whether the plaintiff had physically and manually either dropped, lowered or pushed or set down this trunk lid on the plaintiff's head."* (Emphasis supplied.)

Thus, the defense was sufficiently apprised of the nature of the plaintiff's cause of action as it was finally settled upon in the pretrial summary. As noted in 1 Honigman and Hawkins, Michigan Court Rules Annotated (2d ed), pp 198, 199, from subrules 111.2, 111.7:

"The primary function of a pleading is to give notice of the nature of the claim or defense sufficient to permit the opposite party to take a responsive position. No pleading is insufficient, so far as facts are concerned, which serves this function. * * * Pleadings will serve as a flexible guide to the scope of inquiry at trial—that is, as fixing the outside limit of matters which may be considered. * * * In any event, the paramount principle in regulating the scope of inquiry at trial is not to achieve mechanical compliance with the pleadings, but rather to dispose of the whole controversy on the merits."

The direction taken by recent Michigan judicial decisions has been to adjudicate the controversy on its merits. *Olson* v. *Dahlen* (1966), 3 Mich App 63; *Walters* v. *Arenac Circuit Judge* (1966), 377 Mich 37; *Hurt* v. *Cambridge* (1970), 21 Mich App 652, 664.

It was error for the trial court to grant the defendant's motion for summary judgment where a factual question was properly raised. *Olson* v. *Dahlen, supra; Lahar* v. *Barnes* (1958), 353 Mich 408; *Ritter* v. *Terman* (1938), 285 Mich 128. As this Court has previously held, it is the design of the pretrial summary to promote litigation of the case on its merits and not to thwart its very objective. *Thomas* v. *Gray* (1969), 19 Mich App 90, 94.

Reversed and remanded. Costs to plaintiff.

All concurred.