GRANGER *v.* LUNDBERG

1. DISMISSAL AND NONSUIT—COUNTERCLAIMS—DISCRETION.

Granting or refusing leave to dismiss a counterclaim once the defendant has proceeded to trial on his counterclaim is a matter of practice resting in the discretion of the court; the discretion is to be exercised with reference to the rights of both parties (GCR 1963, 504.1[2]).

2. DISMISSAL AND NONSUIT—COUNTERCLAIMS—"DISMISSAL WITH PREJUDICE".

Dismissing defendant's counterclaim with prejudice in a suit to enjoin defendant from trespass was not an abuse of discretion where the counterclaim sought determination of the boundary line of the concerned land, defendant consented to the injunction and then moved to dismiss his counterclaim without prejudice, defendant refused to offer his proofs, the trial court sought resolution of the dispute by all reasonable means and weighed the competing interests of the parties along with the resultant inconvenience to the court from further delays, any reasonable resolution of the trespass issue included a determination of the boundary line, and surveyors had been used in recess to negotiate a resolution of the boundary because any further delay would have denied plaintiffs the relief sought and would have rendered the considerable investment of judicial energy for naught (GCR 1963, 504.1[2]).

3. DISMISSAL AND NONSUIT—COUNTERCLAIMS—"DISMISSAL WITH PREJUDICE"—FAILURE TO OFFER PROOFS—APPEAL AND ERROR.

A defendant who moved the trial judge to dismiss his counterclaim without prejudice cannot claim, on appeal, an abuse of discretion by the judge in dismissing the counterclaim with prejudice where the defendant elected not to put in his proofs (GCR 1963, 504.1[2]).

REFERENCES FOR POINTS IN HEADNOTES

[1-3] 24 Am Jur 2d, Dismissal, Discontinuance, and Nonsuit §§ 17, 53 *et seq.*

Right of defendant to take voluntary dismissal of cross bill or counterclaim. 74 ALR 587.

Appeal from Oakland, James S. Thorburn, J. Submitted Division 1 March 2, 1971, at Detroit. (Docket No. 8029.)   Decided April 20, 1971.

Complaint by Francis Granger and Phyllis Granger against Herbert U. Lundberg for damages for trespass and a permanent injunction restraining Lundberg from trespassing and doing acts destructive to the value of plaintiffs' land.   Defendant counterclaimed seeking judicial recognition of a certain old boundary line.   Defendant moved to dismiss his counterclaim without prejudice.   Counterclaim dismissed with prejudice.   Defendant appeals. Affirmed.

*Powell, Peres, Carr & Jacques*, for plaintiffs.

*Love, Snyder & Lewis* (by *Robert H. Watson, Jr.*), for defendant.

Before: V. J. BRENNAN, P. J., and QUINN and O'HARA,* JJ.

O'HARA, J.   This litigious little drama arises from a boundary dispute between adjoining property owners.   Its origins lie at least as far back as 1955 when plaintiffs initially sued defendant.   For a lack of progress, the court entered a dismissal without prejudice.   Subsequently, in 1967, plaintiffs again brought suit alleging that defendant, who owned lot 4, was trespassing on their land [lot 5] and, in general, doing acts destructive to its value.   Plaintiffs sought a permanent injunction restraining similar acts and $5,000 in damages.   In his answer the defendant denied most allegations made and,

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

additionally, pleaded a counterclaim which sought judicial recognition of a certain "old line fence" as the legal boundary between the parties' land.

Prior to his opening statement at the trial, defendant's counsel admitted the allegations in plaintiffs' complaint and consented to the entry of a permanent injunction restraining defendant from entering upon lot 5. No damages were awarded. Thereupon, a recess was called and the trial judge directed that surveyors representing the parties attempt settlement of the remaining issue as to the property line between lots 4 and 5. The negotiations proved fruitless.

Upon resumption of the trial, the defendant promptly moved to dismiss his counterclaim "without prejudice". Plaintiffs objected strenuously contending that defendant should either present his proofs at that time or that any dismissal, alternatively, should be "with prejudice". The trial judge noted that he was powerless to compel a litigant to offer his proofs and that the only issue remaining was whether the dismissal would be with or without prejudice. Still, defendant did not indicate a willingness to offer his proofs. Hence, the trial court dismissed the counterclaim with prejudice. Also denied was defendant's post-trial motion for a court order authorizing him to proceed with his proofs on the counterclaim.

On this appeal of right defendant assigns as error the dismissal of his counterclaim with prejudice.

Once a litigant has proceeded to trial on his counterclaim, both GCR 1963, 504.1(2)[1] and ante-

---

[1] "Except as provided in subrule 504.1(1), an action shall not be dismissed at the plaintiff's instance unless by order of court upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon him of the plaintiff's motion to dismiss, the court shall not order the action dismissed over the defendant's objection unless the counterclaim

cedent case law recognize that the "granting or refusal of leave to dismiss &ast; &ast; &ast; is a matter of practice resting in the discretion of the court, which discretion is to be exercised with reference to the rights of both the parties". *City of Dearborn* v. *Michigan Turnpike Authority* (1955), 344 Mich 37, 47. See, also, *Danziger* v. *Village of Bingham Farms* (1961), 362 Mich 629.

Under the circumstances, the trial judge should, and in fact did, weigh the competing interests of the parties along with any resultant inconvenience to the court from further delays. He could hardly ignore the unsettling effect of the boundary dispute on the land in question. Any reasonable resolution of the dispute included the determination of the boundaries between lots 4 and 5. For the court to hold otherwise would have denied plaintiffs the relief sought and also would have rendered the considerable investment of judicial energy for naught.

Our examination of the record indicates that the trial court sought resolution of the impasse via all reasonable means and that the learned judge exhibited admirable restraint during the proceedings. As an indication of the court's thoroughness, we need look no further than the following excerpt from the record:

*"The Court* [addressing defendant's counsel]: The court is of the opinion, Mr. Watson, that this is the day set for trial. The case has been pretried. We have tried several days to settle the case. We have exhausted every means of pretrial discovery. We have had at least three surveyors in chambers to go over the problem in an attempt to settle it, without avail. We are here for trial this morning.

can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal by order of court under this paragraph is without prejudice."

"The plaintiffs, Dr. Granger and his wife, are entitled to their day in court. They are entitled to their day in court on your complaint today. So the court under the circumstances has no choice but to dismiss your complaint as you pray for. But the court would add that it should be dismissed with prejudice."

Since it was defendant who elected not to put in his proofs, he cannot be heard to allege an abuse of judicial discretion by the judge in dismissing with prejudice.

Affirmed. Costs to the plaintiffs.

All concurred.