MAKUCK v McMULLIN

Docket No. 77-4061. Submitted October 3, 1978, at Escanaba.—Decided November 7, 1978.

Ernest R. Schaal sustained fatal injuries when he fell from a parade float. Ruth Makuck, administratrix of Schaal's estate, and Helen R. Schaal brought an action for damages for wrongful death and for loss of consortium alleging that Jeffrey K. Craig was negligent in operating the automobile pulling the float, that the owner of the vehicle, Donald Bauer, was liable for negligent entrustment of the automobile to Craig under the Michigan ownership statute, and that Delores McMullin was liable under the dramshop act for serving decedent while intoxicated. Counsel for plaintiffs introduced new theories of liability in his opening statement and all defendants moved for directed verdicts alleging surprise. Counsel admitted he had no evidence to support the theories pled and asked the court to dismiss the complaint without prejudice to permit plaintiffs to reinstate the lawsuit. Iron Circuit Court, Ernest W. Brown, J., granted defendants' motions for directed verdicts and denied a motion by plaintiffs for voluntary dismissal without prejudice. The court also denied plaintiffs' motion to set aside the directed verdicts and give plaintiffs an opportunity to amend their pleadings. Plaintiffs appeal. *Held:*

1. The directed verdicts were proper. Where plaintiffs' counsel sketches a completely different cause of action in his opening statement than was set forth in his complaint, and can offer no proofs to support the theories pled, it is clear that no issue of fact exists for a jury's determination.

2. Plaintiffs should not be allowed to amend their complaint where defendants were surprised by new theories and a differ-

REFERENCES FOR POINTS IN HEADNOTES
[1] 24 Am Jur 2d, Dismissal, Discontinuance, and Nonsuit §§ 3, 6-12.
[2] 24 Am Jur 2d, Dismissal, Discontinuance, and Nonsuit § 9.
[3] 24 Am Jur 2d, Dismissal, Discontinuance, and Nonsuit § 27.
    75 Am Jur 2d, Trial §§ 491-495.
[4] 17 Am Jur 2d, Continuance §§ 24-26.
    61 Am Jur 2d, Pleading § 312.

ent cause of action in plaintiffs' opening statement after they had expended time and effort in extensive discovery in preparation for defending against the theories pled in the original complaint.

Affirmed.

1. DISMISSAL AND NONSUIT—VOLUNTARY DISMISSAL—JUDGE'S DISCRETION—PREJUDICE.

The grant or denial of a motion by a plaintiff for voluntary dismissal after a responsive pleading has been filed is within the discretion of the trial court; however, the court should dismiss an action only if no prejudice will result to the defendant (GCR 1963, 504.1).

2. DISMISSAL AND NONSUIT—PROTECTION OF DEFENDANT—COURT RULES.

The purpose of a court rule is to protect a defendant from the abusive practice of dismissal after much time and effort has been put into a lawuit; any dismissal should be on terms and conditions which protect the defendant. GCR 1963, 504.1[2]).

3. DISMISSAL AND NONSUIT—COURT DISFAVOR—OPENING STATEMENT—NEW CAUSE OF ACTION—FAILURE OF PROOFS—JURY QUESTION—DIRECTED VERDICT.

Generally, dismissing an action or directing a verdict at the close of a plaintiff's opening statement is not looked upon with favor by the courts; however, where counsel for plaintiffs sketched a completely different cause of action in his opening statement than was set forth in the pleadings, and freely admitted that he could offer no proofs on the theory pled, it is clear that there existed no issue of fact for the jury's determination and a directed verdict was proper.

4. PLEADING—AMENDMENT OF PLEADING—NEW THEORIES—SURPRISE—PREJUDICE.

A trial court may properly deny a plaintiff's motion to amend his complaint, even if made on the day of trial, where defendants were undeniably surprised by the plaintiff's new theory, offered only after time and effort had been expended in extensive discovery in preparation for defending against the theories pled in the original complaint.

*Wisti & Jaaskelainen* (by *Michael E. Makinen),* for plaintiffs.

*McNeil, Mouw, Lori & Torreano,* for defendants Jeffrey K. Craig and Donald Bauer.

*Fisher & Omdahl,* for defendant Delores Mc-Mullin.

Before: J. H. Gillis, P.J., and D. E. Holbrook and R. M. Maher, JJ.

Per Curiam. The present action arose out of an accident which allegedly occurred on July 6, 1974. In their first amended complaint, plaintiffs alleged that decedent, Mr. Schaal, suffered a fatal injury when defendant Jeffrey Craig, the driver of the car in question, which was owned by defendant Donald Bauer, suddenly started or jerked the parade float on which the decedent was riding and which was being towed by the car, causing Mr. Schaal to fall from the float, land on his head and sustain fatal injuries. Plaintiffs alleged that defendant Bauer was liable on a theory of negligent entrustment of his automobile to Craig; that defendant Craig was liable for negligent operation of the automobile; and that defendant McMullin was liable for serving alcoholic beverages to plaintiffs' decedent in her bar when he was already intoxicated, in violation of the dramshop act, MCL 436.22 *et seq.;* MSA 18.993 *et seq.*

Trial to a jury began on December 13, 1976, but proceeded only through plaintiffs' opening statement, at which time defendants' motions for directed verdicts were granted. The trial court also denied plaintiffs' motion for a voluntary dismissal without prejudice. Plaintiffs appeal as of right, alleging that the trial court erred in granting defendants' motions while denying plaintiffs' motion.

In his opening statement, counsel for plaintiffs

stated that he intended to show that defendant Craig was negligent, not in the manner in which he operated the automobile, but in permitting plaintiffs' decedent to get on the float in an intoxicated condition. Counsel further stated that plaintiffs would show, not that decedent was served in the Spa Bar while intoxicated, but that defendant McMullin gave a six-pack of beer to defendant Craig, who permitted decedent to drink some of that beer.

At the close of plaintiffs' opening statement, all defendants moved for directed verdicts, alleging surprise. Counsel for plaintiffs admitted that his intended proofs were at variance with the complaint, and that he had no evidence to offer in support of the theories pled. However, he asked that the trial court dismiss the complaint without prejudice to permit plaintiffs to reinstitute the lawsuit, apparently with proper pleadings. Subsequently, on January 4, 1977, plaintiffs moved to set aside the directed verdicts, on grounds that the court should have given them an opportunity to amend their pleadings. The trial court denied this motion as well.

We think the trial court acted properly, and affirm.

The grant or denial of a motion for voluntary dismissal after a responsive pleading has been filed is within the discretion of the trial court, GCR 1963, 504.1. However, the court should dismiss an action only if no prejudice to defendant will result. This Court discussed voluntary dismissal in *African Methodist Episcopal Church v Shoulders,* 38 Mich App 210, 212; 196 NW2d 16 (1972):

"Plaintiffs argue that the grant or denial of a voluntary dismissal is within the sound discretion of the trial judge. *Roberson v Thomas* (1968), 13 Mich App 384 [164

NW2d 544]. We agree; however, in exercising that discretion the trial judge is to weigh the competing interests of the parties along with any resultant inconvenience to the court from further delays. *Granger v Lundberg* (1971), 32 Mich App 462 [189 NW2d 14]. Normally, such a motion should be granted unless defendant will be legally prejudiced as a result. *Durham v Florida East Coast Railway Co.* (CA 5, 1967), 385 F2d 366. As the purpose of GCR 1963, 504.1(2) is to protect defendant from the abusive practice of dismissal after much time and effort has been put into a lawsuit, any dismissal should be on terms and conditions which protect *defendant.* See *American Cyanamid Co v McGhee* (CA 5, 1963), 317 F2d 295."

In the case at bar defendants, having invested considerable time and money in preparing to defend against the causes of action pled, would be subjected to further expense in defending a new cause of action if the court had granted plaintiffs' motion for dismissal without prejudice. We find no abuse of discretion in refusing to dismiss without prejudice in this case.

Dismissing an action or directing a verdict at the close of a plaintiff's opening statement is not looked upon with favor by the courts, *Ambrose v Detroit Edison Company,* 380 Mich 445; 157 NW2d 232 (1968). In the instant case, however, counsel for plaintiffs sketched a completely different cause of action in his opening statement than was set forth in the pleadings, and freely admitted that he could offer no proofs on the theory pled. In such circumstances, it is clear that there existed no issue of fact for the jury's determination, and a directed verdict was proper, *cf. Tait v Nash,* 27 Mich App 446; 183 NW2d 591 (1970).

As to the claim that the trial court should have permitted plaintiffs to amend their complaint, we note that no motion to amend appears on the

record of trial. Moreover, the trial court would have been correct in denying a motion to amend even if made on the day of trial, for defendants were undeniably surprised by plaintiffs' new theory, offered only after time and effort had been expended in extensive discovery in preparation for defending against the theories pled, *cf. Ball v Render,* 64 Mich App 148; 235 NW2d 90 (1975).

Affirmed. Costs awarded to defendants.