BRUCE v GRACE HOSPITAL

Docket No. 78-5130. Submitted February 5, 1980, at Detroit.—Decided
April 3, 1980.

Edward Bruce, Sr., and Edward Bruce, Jr., brought an action for
medical malpractice against Grace Hospital, Frederick Lat-
timer, Benjamin Haddad, Gordon Scratch, and Lattimer, Had-
dad and Scratch, P.C. After granting several adjournments to
the plaintiffs, the Wayne Circuit Court, James Montante, J.,
indicated that no further adjournments would be granted. The
court then dismissed the action without prejudice and denied
the defendants' request for costs, postponing the determination
of costs pending the filing of a subsequent action. Defendants
appeal. *Held:*

1. The grant or denial of a dismissal is within the sound
discretion of the trial court. The dismissal in this case was not
an abuse of that discretion.

2. It was not necessary for the trial court to award costs at
the time of the dismissal. Reinstatement of the case may by
court rule be conditioned upon payment of costs or, in the
event the plaintiffs do not reinstate the matter, costs may be
awarded upon the running of the statute of limitations.

Affirmed.

1. TRIAL — DISMISSAL — JUDGE'S DISCRETION.

The grant or denial of a voluntary dismissal of a case is within
the sound discretion of the trial judge; in exercising that
discretion the trial judge is to weigh the competing interests of
the parties along with any resultant inconvenience to the court
from further delays.

2. MOTIONS — DISMISSAL — PREJUDICE.

Generally, a motion by a plaintiff to dismiss a case should be

REFERENCES FOR POINTS IN HEADNOTES

[1] 24 Am Jur 2d, Dismissal, Discontinuance, and Nonsuit §§ 6, 8.
[2] 24 Am Jur 2d, Dismissal, Discontinuance, and Nonsuit § 6 *et seq.*
[3] 5 Am Jur 2d, Appeal and Error § 774.
[4] 24 Am Jur 2d, Dismissal, Discontinuance, and Nonsuit § 93.

granted unless the defendant would be legally prejudiced by the dismissal.

3. APPEAL — JUDGE'S DISCRETION — ABUSE OF DISCRETION.

An abuse of discretion by a trial court is found only if an unprejudiced person, upon considering the facts on which the trial court acted, would say there was no justification or excuse for the ruling made.

4. COSTS — PREVIOUSLY DISMISSED ACTION — COURT RULES.

A trial court may condition the reinstatement of a previous action which was dismissed without prejudice upon the payment of costs for the previous action (GCR 1963, 504.4).

*Garan, Lucow, Miller, Seward, Cooper & Becker, P.C.* (by *James L. Borin),* for defendant Grace Hospital.

*Kerr, Russell & Weber* (by *Robert R. Nix, II),* for defendants Lattimer, Haddad, Scratch and Lattimer, Haddad & Scratch, P.C.

Before: N. J. KAUFMAN, P.J., and D. E. HOLBROOK, JR. and R. M. MAHER, JJ.

PER CURIAM. The defendants appeal as of right from a November 30, 1978, order of the Wayne County Circuit Court granting the plaintiffs' request for a dismissal without prejudice. The plaintiffs had filed a medical malpractice action on April 23, 1974, against the defendants, based upon operations which were performed from 1968 to 1972.

A summary of the history of this litigation is in order. At a pretrial conference which was held in November of 1976, the case was scheduled for trial on February 17, 1978. On February 8, 1978, a settlement conference was held, and plaintiffs sought an adjournment of the trial to June 5, 1978. The adjournment was granted with a notation by the trial judge that no more adjournments

would be granted. However, in an order filed May 10, 1978, the plaintiffs' request for another adjournment was granted over defendants' objections, and the trial date was set for October 23, 1978. The trial judge noted on the order: "No further adjournments. All attorneys agree on date."

On October 13, 1978, plaintiffs' counsel filed yet another motion for a six-month adjournment. The motion alleged that plaintiffs and their counsel had reached a "complete disagreement" over the handling of the case, and an adjournment was necessary to allow plaintiffs to secure other counsel. Defense counsel objected, and the trial court decided to "hold" the matter until November 13, 1978, in order to allow the plaintiffs time to find substitute counsel.

On November 13, 1978, the parties again appeared before the trial court. At this time, the plaintiffs said that their newly retained counsel needed further time to evaluate the case. The trial judge indicated that he would not grant any further adjournments, but would dismiss the matter without prejudice so that plaintiffs could reinstate the action. The trial judge also refused to grant the defendants' request for costs. An order dismissing the cause without prejudice and holding the determination of costs pending a subsequent lawsuit was filed on November 30, 1978.

On appeal, the defendants allege that the trial court abused its discretion in granting plaintiffs' motion to dismiss without prejudice and deferring the determination of costs, where the action had been pending for over five years and had been adjourned several times at plaintiffs' request.

The court rule governing dismissals, GCR 1963, 504.1(2), provides:

"(2) By Order of Court. Except as provided in subrule 504.1(1), an action shall not be dismissed at the plaintiff's instance unless by order of court upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon him of the plaintiff's motion to dismiss, the court shall not order the action dismissed over the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal by order of court under this paragraph is without prejudice."

There are few Michigan cases which discuss this rule. In *African Methodist Episcopal Church v Shoulders,* 38 Mich App 210, 212; 196 NW2d 16 (1972), the Court noted, in footnote 1, that GCR 1963, 504.1(2) is based on FR Civ P 41(a)(2), so it was appropriate to look to Federal cases for guidance. The Court then stated:

"Plaintiffs argue that the grant or denial of a voluntary dismissal is within the sound discretion of the trial judge. *Roberson v Thomas,* 13 Mich App 384 [164 NW2d 544] (1968). We agree; however, in exercising that discretion the trial judge is to weigh the competing interests of the parties along with any resultant inconvenience to the court from further delays. *Granger v Lundberg,* 32 Mich App 462 [189 NW2d 14] (1971). Normally, such a motion should be granted unless defendant will be legally prejudiced as a result. *Durham v Florida East Coast Railway Co,* 385 F2d 366 (CA 5, 1967). As the purpose of GCR 1963, 504.1(2) is to protect defendant from the abusive practice of dismissal after much time and effort has been put into a lawsuit, any dismissal should be on terms and conditions which protect *defendant.* See *American Cyanamid Co v McGhee,* 317 F2d 295 (CA 5, 1963)."

In its discussion of the Federal rule, 9 Wright &

Miller, Federal Practice & Procedure, § 2364, pp 165-171, states:

"The purpose of Rule 41(a)(2) 'is primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions.' Accordingly the courts have generally followed the traditional principle that dismissal should be allowed unless the defendant will suffer some plain legal prejudice other than the mere prospect of a second lawsuit. It is not a bar to dismissal that plaintiff may obtain some tactical advantage thereby. * * * Dismissal has been allowed to give plaintiff an opportunity to secure new evidence after he has found, by discovery or otherwise, that he cannot prove his present claim. * * * In exercising its discretion, the court will consider the expense and inconvenience to the defendant and will deny the motion if defendant will be seriously prejudiced by a dismissal." (Footnotes omitted.)

Federal cases generally have adopted a liberal policy toward allowing a dismissal without prejudice where defendant's position would not be unduly prejudiced. See *LeCompte v Mr Chip, Inc,* 528 F2d 601 (CA 5, 1976), *Holiday Queen Land Corp v Baker,* 489 F2d 1031 (CA 5, 1974).

The defendants rely on *Makuck v McMullin,* 87 Mich App 82; 273 NW2d 595 (1978), where this Court affirmed the trial court's denial of plaintiff's motion to dismiss without prejudice. The motion came at the close of plaintiff's opening statement in a negligence case. Plaintiff's counsel sketched a completely different cause of action in his opening statement than was set forth in the pleadings, and freely admitted that he could offer no proofs on the theory pled. In finding that there was no abuse of discretion in denying plaintiff's motion, this Court noted that defendant had invested considerable time and expense in preparing a defense and

would be subjected to further expense in defending a new cause of action. We find that *Makuck* is distinguishable on its facts and does not establish the contrary proposition that a decision to grant plaintiff's motion for dismissal without prejudice would have constituted an abuse of discretion.

An abuse of discretion is found only if an unprejudiced person, upon considering the facts on which the trial court acted, would say there was no justification or excuse for the ruling made. *Seifert v Buhl Optical Co,* 276 Mich 692, 699; 268 NW 784 (1936). See also, *People v Wilson,* 397 Mich 76, 80; 243 NW2d 257 (1976).

We find that the decision to dismiss the instant case without prejudice in order to allow plaintiffs sufficient time in which to obtain a second evaluation of their medical malpractice action did not constitute an abuse of discretion.

With respect to the trial court's decision to postpone a determination of costs, we note that GCR 1963, 504.4 allows the trial court to condition the reinstatement of a previously dismissed action upon the payment of costs. Therefore, it was not necessary to award costs at the time of granting the plaintiffs' motion to dismiss. The trial court should retain jurisdiction over the matter, and if the suit is not reinstated before the statute of limitations period runs out, costs can be awarded at that time.[1]

Affirmed.

---

[1] We note that the recovery of attorney fees, either as an element of costs of suit or as an item of damages, is not allowed unless expressly authorized by statute or court rule. *City of Center Line v 37th District Court Judges,* 74 Mich App 97, 103; 253 NW2d 669 (1977). Thus, if defendants wish to recover attorney fees as an element of costs, they will have to present to the trial court some statutory basis or other authority for such entitlement.