MASSEY v CITY OF FERNDALE

Docket No. 137034. Submitted February 2, 1993, at Detroit. Decided September 19, 1994, at 9:00 A.M.

   Douglas Massey and Darryl Johnson brought an action in the Oakland Circuit Court against the City of Ferndale, the Ferndale Police Department, and others, alleging false arrest or imprisonment, intentional infliction of emotional distress, slander, false light invasion of privacy, and violations of constitutional rights, after they allegedly were detained wrongfully by an off-duty Ferndale police officer who also confiscated certain items from the plaintiffs, including plaintiff Massey's knife. After the plaintiffs commenced their action, Massey was charged in the Oakland Circuit Court with carrying a concealed weapon as a result of the incident. The plaintiffs then asserted the Fifth Amendment privilege against self-incrimination and refused to participate in any discovery in their civil action. The criminal action against Massey was dismissed by the trial court, Francis X. O'Brien, J., on the basis that the prosecution was untimely. The prosecution appealed that decision to the Court of Appeals. An order staying the proceedings in the civil action for six months was entered by the trial court, Jessica R. Cooper, J., at the plaintiffs' request. Two stipulated orders continuing the stay for one year (or six months each) were entered on January 30, 1990, and August 1, 1990. At a pretrial conference on August 21, 1990, the court indicated that it would not allow any further stays. The court then entered a calendar conference order setting discovery cutoff and mediation for December 1990 and trial for February 4, 1991. The Court of Appeals, MURPHY, P.J., and MACKENZIE and GRIFFIN, JJ., denied the plaintiffs' application for leave to appeal the conference order in an order entered on October 15, 1990 (Docket No. 132332). The plaintiffs continued to refuse to participate in discovery because the prosecution's appeal in the criminal case was still pending. The trial court in the civil action entered an order on September 26, 1990, compelling

REFERENCES

Am Jur 2d, Depositions and Discovery §§ 373, 374; Witnesses §§ 80, 87.

See ALR Index under Discovery; Self-Incrimination.

answers to the defendants' interrogatories. On October 17, 1990, the trial court, finding that the plaintiffs had failed to obey its discovery order, entered an order in the civil action dismissing the case without prejudice and assessing costs against the plaintiffs payable only in the event that they refiled their complaint. The Court of Appeals then affirmed the dismissal of the criminal charge against Massey. *People v Massey,* unpublished opinion per curiam, decided December 20, 1990 (Docket No. 118486). The Supreme Court denied the prosecution's application for leave to appeal that decision. 437 Mich 974 (1991). The plaintiffs appealed from the order granting dismissal for failure to obey the discovery order.

The Court of Appeals *held:*

1. The trial court's decision to dismiss without prejudice was not an abuse of discretion, and that part of the court's order should be affirmed. The court protected the plaintiffs' Fifth Amendment rights by issuing stays during the pendency of the criminal proceedings. Only after the criminal proceedings were concluded at the trial court level did the trial court call a halt to further delays and refuse to permit stays in the civil case while the criminal proceedings were appealed. The court was entitled to impose sanctions because the plaintiffs obviously refused to obey a proper discovery order, and the sanction of dismissal without prejudice was reasonable because it left neither party disadvantaged.

2. The plaintiffs' argument that possible operation of the statute of limitation might prejudice their ability to refile their civil complaint if the criminal proceedings became lengthy is moot because the Court of Appeals affirmed the dismissal of the criminal charge and the Supreme Court denied leave to appeal that decision.

3. The trial court erred in assessing costs against the plaintiffs in the event they refiled their complaint, and that part of the order must be reversed. The court's actions operated as a tax upon the plaintiffs' exercise of Fifth Amendment rights and a deterrent against refiling the complaint and effectively made the dismissal order with prejudice.

Affirmed in part and reversed in part.

WAHLS, P.J., concurring in part and dissenting in part, stated that the trial court's order should be reversed because of the provision imposing costs upon the plaintiffs and because the trial court abused its discretion in arbitrarily ordering the case to proceed, regardless of the parties' stipulation to stay the proceedings, simply because it was the oldest case on the court's docket.

PRETRIAL PROCEDURE — DISCOVERY — SANCTIONS — APPEAL.
    A trial court may impose sanctions that it deems just where a
    party fails to obey an order to provide or permit discovery;
    however, the court may not impose substantial penalties be-
    cause a witness elects to exercise the Fifth Amendment privi-
    lege against self-incrimination; the court's decision will not be
    overturned on appeal absent an abuse of discretion (US Const,
    Am V ; MCR 2.313[B]).

*Ernest L. Jarrett, P.C.* (by *Ernest L. Jarrett*), for
the plaintiffs.

*Cummings, McClorey, Davis & Acho, P.C.* (by
*Marcia L. Howe*), for the defendants.

Before: WAHLS, P.J., and MICHAEL J. KELLY and
CONNOR, JJ.

MICHAEL J. KELLY, J. Plaintiffs appeal as of
right a circuit court order granting defendants'
motion to dismiss for failure to obey a discovery
order. We affirm in part and reverse in part.

This action arises out of an incident that oc-
curred on January 14, 1988, at Comerica Bank in
Ferndale, Michigan. Plaintiffs claim that they
were detained wrongfully by off-duty Ferndale
police officer Paul Gheldorf after cashing their
paychecks. Although certain items were confis-
cated, including plaintiff Massey's knife, they were
allowed to leave and at that time were not charged
with any crime.

On June 22, 1988, plaintiffs commenced an ac-
tion against defendants alleging false arrest or
imprisonment, intentional infliction of emotional
distress, slander, false light invasion of privacy,
and violations of constitutional rights.[1] Plaintiffs
claimed the search was racially motivated. Notice

---

[1] Plaintiffs also named Comerica Bank and Lawrence Wolf Proper-
ties as defendants. A stipulation to dismiss those parties was entered
after oral argument on March 1, 1993.

of the lawsuit was served on Officer Gheldorf at the end of September or beginning of October 1988. On October 12, 1988, Gheldorf prepared a police report regarding the January incident at the bank. A warrant was issued against plaintiff Massey, who ultimately was charged with carrying a concealed weapon. No charges were filed against plaintiff Johnson.

Both plaintiffs subsequently asserted the Fifth Amendment privilege against self-incrimination and thereby refused to participate in any discovery in the civil action.[2] On May 5, 1989, the criminal charges against plaintiff Massey were dismissed on the basis that the prosecution was untimely. The prosecution appealed the dismissal to this Court.

On July 24, 1989, an order staying the proceedings in the civil action for six months was entered by the trial court at plaintiffs' request. Two stipulated orders continuing the stay for one year (or six months each) were entered on January 30, 1990, and August 1, 1990. At a pretrial conference on August 21, 1990, the court indicated that it would not allow any further stays. The court entered a calendar conference order setting discovery cutoff and mediation for December 1990 and trial for February 4, 1991. This Court, MURPHY, P.J., and MACKENZIE and GRIFFIN, JJ., denied plaintiffs' application for leave to appeal the conference order in an order entered on October 15, 1990 (Docket No. 132332).

---

[2] The right against self-incrimination is guaranteed by both the United States and Michigan Constitutions, US Const, Am V; Const 1963, art 1, § 17, and protects an accused from being compelled to testify against himself or provide evidence of a testimonial or communicative nature. *People v Burhans,* 166 Mich App 758, 761-762; 421 NW2d 285 (1988). The constitutional privilege against self-incrimination applies to evidence in a civil proceeding that might subject the witness to criminal prosecution. *Malloy v Hogan,* 378 US 1, 11; 84 S Ct 1489; 12 L Ed 2d 653 (1964); *Paramount Pictures Corp v Miskinis,* 418 Mich 708; 344 NW2d 788 (1984).

Plaintiffs subsequently refused to participate in discovery because the prosecution's appeal in the criminal case was pending. An order compelling answers to defendants' interrogatories was entered on September 26, 1990. Following a hearing regarding defendants' motion to dismiss with prejudice on October 17, 1990,[3] the trial court entered an order dismissing the case without prejudice and assessing costs payable only in the event that the plaintiffs refiled their complaint.

This Court then affirmed the dismissal of the criminal charge against plaintiff Massey. *People v Massey,* unpublished opinion per curiam, decided December 20, 1990 (Docket No. 118486). The Supreme Court denied the prosecution's application for leave to appeal on April 16, 1991. 437 Mich 974 (1991).

A trial court is authorized to impose sanctions as it deems just where a party fails to obey an order to provide or permit discovery. MCR 2.313(B). However, the court may not impose substantial penalties because a witness elects to exercise his Fifth Amendment privilege against self-incrimination. *Lefkowitz v Cunningham,* 431 US 801, 805; 97 S Ct 2132; 53 L Ed 2d 1 (1977). The court's decision will not be overturned on appeal absent an abuse of discretion. *Barlow v John Crane-Houdaille, Inc,* 191 Mich App 244, 251; 477 NW2d 133 (1991).

Here, the trial court's decision to dismiss without prejudice did not constitute an abuse of discretion. The court protected plaintiffs' Fifth Amendment rights by issuing stays during the pendency of the criminal proceedings. Only after the crimi-

---

[3] Before-filing this motion, plaintiffs filed a motion for voluntary dismissal without prejudice on October 5, 1990, and set the hearing for October 24, 1990. This motion was not addressed at the hearing on October 17, 1990.

nal proceedings were concluded at the trial level did the court call a halt to further delays and refuse to permit stays in the civil case while the criminal proceedings were appealed, whether as of right or by application for leave by the prosecutor. Because plaintiffs obviously refused to obey a proper discovery order, the court was entitled to impose sanctions pursuant to MCR 2.313(B). The sanction of dismissal without prejudice was reasonable because it left neither party disadvantaged. See *McKelvie v Mount Clemens,* 193 Mich App 81, 86; 483 NW2d 442 (1992); *Bruce v Grace Hosp,* 96 Mich App 627, 631-632; 293 NW2d 654 (1980).

Plaintiffs' argument that possible operation of the statute of limitation might prejudice their ability to refile their complaint if criminal proceedings became lengthy is moot because this Court affirmed the dismissal of the criminal charge on December 20, 1990, and the Supreme Court denied leave to appeal four months later.

Our conclusion that the trial court did not abuse its discretion rests on the fact that dismissal was without prejudice. Another part of the dismissal order, however, assessed costs against plaintiffs in the event they refiled their complaint. This part of the order essentially operated as a tax upon the exercise of plaintiffs' Fifth Amendment rights and, even after their statute-of-limitations and self-incrimination concerns became moot, as a deterrent against refiling the complaint. Effectively, the assessment of costs made the dismissal order with prejudice. We therefore reverse the part of the order assessing costs against plaintiffs.

Affirmed in part and reversed in part.

CONNOR, J., concurred.

WAHLS, P.J. *(concurring in part and dissenting*

*in part).* I agree with the majority that the part of the order that imposed costs upon plaintiffs should be reversed. However, I would additionally find that the trial court abused its discretion in arbitrarily ordering the case to proceed, regardless of the parties' stipulation to stay the proceedings, simply because it was the oldest case on the court's docket. Obviously, defendants were not concerned about proceeding with discovery, as evidenced by their stipulation to the August 1990 order to stay the proceedings an additional six months. I find no justification for the court's sudden reversal of its past willingness to allow a stay, and subsequent dismissal of plaintiffs' lawsuit, even though the dismissal was without prejudice. Accordingly, I decline to join the majority's "no harm, no foul" analysis.