AFRICAN METHODIST EPISCOPAL CHURCH *v.* SHOULDERS

Judgment—Summary Judgment—Issue of Fact.

The court in deciding whether the case before it is appropriate for summary judgment must be strictly sure that it is not required to pass summarily upon any genuinely disputed issue of fact (GCR 1963, 117).

Appeal from St. Clair, Halford I. Streeter, J. Submitted Division 2 December 9, 1970, at Lansing. (Docket No. 9976.) Decided February 26, 1971.

Complaint by the African Methodist Episcopal Church, St. Paul African Methodist Episcopal Church of Port Huron, Michigan, Fred Porter, Wennie Kennedy, Reverend Mr. Joseph L. Roberts and Reverend Mr. Delano Bowman against Earl Shoulders, Eleger Harvey, James Stanley, James Johnson, John Doe, and Mary Roe for an injunction preventing defendants from obstructing access to church buildings and preventing religious worship, and for an accounting. Summary judgment for plaintiffs. Defendants appeal. Remanded for trial.

*Bush, Luce, Henderson & Black* (by *S. Keith Bankson* and *Herbert Dudley,* of counsel), for plaintiffs.

*Touma, Watson & Andresen,* for defendants.

Reference for Points in Headnote
41 Am Jur, Pleading §§ 340–343.

Before: McGREGOR, P. J., and T. M. BURNS and
ANDREWS,* JJ.

PER CURIAM.  This case arises out of a dispute
among members and officers of St. Paul African
Methodist Episcopal Church of Port Huron.  De-
fendants appeal the summary judgment granted on
plaintiffs' motion.  (The judgment is shown in the
appendix *infra.*)

On April 16, 1970, plaintiffs filed a complaint
alleging, *inter alia,* that the church was an unincor-
porated association (a copy of the articles of asso-
ciation was attached to the complaint), that the local
AME church was a local affiliate of the national
AME church, and that the defendants physically
prevented plaintiffs' access to the church building.
Plaintiffs prayed for an injunction preventing de-
fendants from obstructing access to church build-
ings and preventing religious worship, and for an
accounting.

Defendants' motion for accelerated judgment of
no cause of action under GCR 1963, 116, based on
a lack of jurisdiction over the subject matter, was
not noticed for hearing nor decided.  Plaintiffs' mo-
tion for a preliminary injunction was granted.

Following a pretrial conference the trial judge
filed a "statement of case" reciting:

"This is a case in which the plaintiffs allege that
a dissident group, possibly a majority of the con-
gregation, wish to use the St. Paul African Metho-
dist Episcopal Church of Port Huron, Michigan, for
other than African Methodist Episcopal Church
uses as set forth in the discipline, laws and usages
of the parent church and the historical doctrines of
the local church.  In addition to the basic injunction,

---

* Circuit judge, sitting on the Court of Appeals by assignment.

plaintiffs are requesting an accounting of the funds of the church.

"Defendants contend they have a substantial majority, if not all, of the congregation, and that the African Methodist Episcopal National and State Church has rules, doctrines, and Discipline for governing a local church, and in violating those rules and by their conduct have raised a serious question as to whether they are abiding by the rules of the African Methodist Episcopal Church, and defendants contend, that in order to practice their religion as they understand it, they can no longer affiliate with the African Methodist Episcopal Church, and that the practices conducted in the past by the American Methodist Episcopal Bishop and his other officers have violated the doctrines and principles of the African Methodist Episcopal Church."

The case was set for trial on July 16, 1970 when the trial court, without taking testimony, granted plaintiffs' motion for "judgment on the pleadings"[1] and ordered, *inter alia*, that defendants be permanently restrained from obstructing the use of church property and from interfering with church activities and church members. In addition, defendants were ordered to make an accounting of assets belonging to the church.

The question before this Court is whether defendants stated a valid defense to the claims asserted against them. Paragraphs 10 and 11 of the complaint allege that the defendants physically obstructed church members from entering the church building and from conducting religious services therein, that the defendants intend to deny church officers entrance to the church buildings, and that

---

[1] 1 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 357:

"The new rule 117 continues the existing practice and expands summary judgment to include functions formerly performed by * * * (2) a motion for judgment on the pleadings."

defendants "have seized all of the finances" of the church. The answer denied these allegations as follows:

"The defendants deny any illegal purpose or plan and have not prevented anyone from attending the church services that have been held every Sunday in the church buildings; and

"The defendants deny that they initially refused or denied the minister or the representative and presiding bishop from entering the premises and the pulpit but admit that they have denied the recent appointee of the bishop from conducting services at the church. The defendants further deny that they have been improperly using the church facilities."

In addition, the defendants raised numerous affirmative defenses, alleging their grievances against the plaintiffs. 1 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 359, states:

" * * * in deciding whether the case is appropriate for summary judgment, the court must be strictly sure that it is not required to pass summarily upon any genuinely disputed issue of fact. In this sense, the rule is strictly construed." See *Podvin* v. *St. Joseph Hospital* (1963), 369 Mich 65 and *Durant* v. *Stahlin* (1965), 375 Mich 628.

We conclude that the defendants stated a valid defense and they were entitled to be heard.

Remand for trial.

Appendix

## INJUNCTIVE JUDGMENT

At a session of said court, continued and held at the County-City Building, in the circuit courtroom, in the City of Port Huron, County of St. Clair, State of Michigan, this 22nd day of July, 1970.

Present: Hon. Halford I. Streeter
Circuit Judge

The complaint and answer having been filed in the above matter; and

Following two hearings of record on different motions filed by each party; and

The court having examined the allegations contained in paragraphs eight, nine, and ten of the complaint and the admissions thereof contained in paragraphs eight, nine, and ten of the defendants' answer; and

A hearing having been held for the purpose of determining the nature of the judgment to be entered pursuant to the court's examination as set forth in the immediately preceding paragraph;

Wherefore, it is hereby ordered that the above defendants be and are permanently restrained from:

(A) Locking the doors and/or preventing the church from being used at all times for religious purposes by the authorized personnel and members of the St. Paul African Methodist Episcopal Church of Port Huron, Michigan.

(B) Preventing, obstructing, molesting, and/or interfering with the minister of the St. Paul African Methodist Episcopal Church assigned by the bishop from entering and leaving the church building.

(C) Preventing the minister assigned by the bishop from entering the pulpit and conducting religious services and/or carrying out any of the regular and customary duties of a minister assigned to the church.

(D) Preventing or obstructing members of the St. Paul African Methodist Episcopal Church of Port Huron, Michigan, from entering or leaving church buildings for purposes of worship, religious services, or any of the activities related thereto.

(E) Bringing in ministers of other faiths or denominations to usurp the pulpit of the St. Paul African Methodist Episcopal Church.

(F) Squandering, secreting, or disposing of church funds or diverting same from their normal, regular, and historical use.

(G) Conveying away, encumbering, mortgaging, or disposing of in any manner the real estate belonging to St. Paul African Methodist Episcopal Church.

(H) Removing, altering, obliterating or distorting, changing or interfering in any manner with the sign bearing the name of the St. Paul African Methodist Episcopal Church of Port Huron, Michigan.

(I) Interfering with, molesting, threatening, or preventing members or friends from approaching, entering, or attending services at the St. Paul African Methodist Episcopal Church of Port Huron, Michigan.

It is further ordered and adjudged that on or before October 22, 1970, said defendants make a complete accounting to plaintiffs through their respective attorneys concerning all assets owned by the African Methodist Episcopal Church or owned by any other person or organization involved in this controversy. Defendants are ordered to make said

accounting and to turn over to the plaintiffs, through their respective attorneys, all assets involved in said accounting. This portion of this judgment includes but is not limited to the building fund, the Senior Choir Fund, the Sunday School Fund, the General Treasury, the Senior Missionary Society Fund, the Scholarship Fund, the Aries Choir Fund, the Junior Usher Board Fund, and the Stewardess Fund. On or before October 22, 1970, the defendants are ordered to turn over to the plaintiffs any keys to any church property, any rents received from any church property, and any other thing involved in this controversy which, in view of the court's determination in favor of the plaintiffs, should become controlled by the plaintiffs.

It is further ordered and adjudged that between the date hereof and October 22, 1970, the defendants shall have the right to use the church building to conduct worship services under their auspices in accordance with the schedule heretofore established by the court in connection with the entry of preliminary injunction. The times allocated to the defendants are from 8 a.m. to 10 a.m., and from 1 p.m. to 3 p.m., on Sundays. It is the intent of this paragraph of the judgment to give the defendants three months in which to continue worshiping as a group during which time they will have opportunity to seek other permanent arrangements for a place of worship. It is hereby ordered that from and after October 22, 1970, said defendants shall have no right to use said church building in any manner whatsoever except under the express and specific consent and permission of the African Methodist Episcopal Church authorities as established in the Discipline.