AFRICAN METHODIST EPISCOPAL CHURCH *v* SHOULDERS

1. DISMISSAL AND NONSUIT—VOLUNTARY DISMISSAL—DISCRETION.
   The granting of a voluntary dismissal is within the sound discretion of the trial judge; however, in exercising that discretion, the judge must weigh the competing interests of the parties along with the inconvenience to the court (GCR 1963, 504.1).

2. DISMISSAL AND NONSUIT—VOLUNTARY DISMISSAL—PREJUDICE.
   A voluntary dismissal should be granted unless the defendant will be legally prejudiced as a result (GCR 1963, 504.1).

3. DISMISSAL AND NONSUIT—VOLUNTARY DISMISSAL—PROTECTING DEFENDANT.
   The granting of a voluntary dismissal should be on terms and conditions which protect the *defendant* (GCR 1963, 504.1).

4. DISMISSAL AND NONSUIT—VOLUNTARY DISMISSAL—COUNTERCLAIM.
   A voluntary dismissal should not be granted where the defendant would be legally prejudiced by a dismissal, even though the defendant has not filed a counterclaim; that a counterclaim has not been filed is irrelevant (GCR 1963, 504.1).

5. DISMISSAL AND NONSUIT—VOLUNTARY DISMISSAL—PROTECTING DEFENDANT.
   Defendants have a right to an adjudication of a suit where they have a valid defense to plaintiffs' complaint and where a dismissal would force the defendants to bear the expense

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 24 Am Jur 2d, Dismissal, Discontinuance, and Nonsuit §§ 1–3, 6–12, 48.
[2] 24 Am Jur 2d, Dismissal, Discontinuance, and Nonsuit §§ 8–10.
[3, 5] 24 Am Jur 2d, Dismissal, Discontinuance, and Nonsuit §§ 8, 28, 51.
[4] 24 Am Jur 2d, Dismissal, Discontinuance, and Nonsuit §§ 30, 45, 46, 50, 74.
[5] 24 Am Jur 2d, Dismissal, Discontinuance, and Nonsuit §§ 8–10.

of a new lawsuit to return the parties to their original position
(GCR 1963, 504.1).

Appeal from St. Clair, Halford I. Streeter, J.
Submitted Division 2 November 3, 1971, at Lansing.
(Docket No. 11644.)   Decided January 26, 1972.

Complaint by the African Methodist Episcopal
Church, St. Paul African Methodist Episcopal
Church of Port Huron, Michigan, Fred Porter, Wen-
nie Kennedy, Reverend Mr. Joseph L. Roberts, and
Reverend Mr. Delano Bowman against Earl Shoul-
ders, Eleger Harvey, James Stanley, James John-
son, John Doe, and Mary Roe for an injunction
preventing defendants from obstructing access to
church buildings and interfering with religious wor-
ship, and for an accounting. Summary judgment for
plaintiffs. Defendants appealed. Remanded for
trial, 31 Mich App 290 (1971). Plaintiffs' motion to
dismiss granted. Defendants appeal. Reversed
with instructions.

*Bush, Luce, Henderson, Black & Bankson,* for
plaintiffs.

*Touma, Watson & Andresen,* for defendants.

Before: Danhof, P. J., and Bronson and Targon-
ski,* JJ.

Per Curiam. This matter has been before this
Court on a prior occasion. *African Methodist Epis-
copal Church* v. *Shoulders* (1971), 31 Mich App 290.
Upon remand the trial judge, over objection, granted

---

* Former circuit judge, sitting on the Court of Appeals by assign-
ment pursuant to Const 1963, art 6, § 23 as amended in 1968.

plaintiffs' motion to dismiss their complaint pursuant to GCR 1963, 504.1(2).[1]  No terms or conditions were attached to the order of dismissal.  Defendants appeal.

Plaintiffs argue that the grant or denial of a voluntary dismissal is within the sound discretion of the trial judge.  *Roberson v. Thomas* (1968), 13 Mich App 384.  We agree; however, in exercising that discretion the trial judge is to weigh the competing interests of the parties along with any resultant inconvenience to the court from further delays.  *Granger v. Lundberg* (1971), 32 Mich App 462.  Normally, such a motion should be granted unless defendant will be legally prejudiced as a result.  *Durham v. Florida East Coast Railway Co.* (CA5, 1967), 385 F2d 366.  As the purpose of GCR 1963, 504.1(2) is to protect defendant from the abusive practice of dismissal after much time and effort has been put into a lawsuit, any dismissal should be on terms and conditions which protect *defendant*.  See *American Cyanamid Co. v. McGhee* (CA5, 1963), 317 F2d 295.

Applying these principles to the instant case, we find the order of dismissal to be in error.  Defendants terminated their church membership pursuant to a court order sought by plaintiffs.  This Court has stated that defendants have a valid defense to plaintiffs' complaint.  If plaintiffs do not wish to pursue their complaint, then a dismissal should seek to return the parties to their positions prior to the inception of this lawsuit.  Further, the fact that defendants have not filed a counterclaim is immaterial.[2]  Defendants have a right to an adjudication

---

[1] GCR 1963, 504.1(2) is based on FR Civ P 41(a)(2).  Since there is little case law in Michigan on this rule, we look to the Federal cases for guidance in this instance.

[2] Plaintiffs' reliance on defendants' failure to file a counterclaim is misplaced.  That part of the court rule dealing with counterclaims

of this suit.  They should not be forced to bear the expense of a new lawsuit in which they would be plaintiffs.  Plaintiffs' other contentions are frivolous.  The order to dismiss is set aside and the matter remanded for trial, or, if the plaintiffs renew their motion, it shall be granted only upon such terms and conditions as will place the parties in the same positions they occupied prior to the inception of this suit.  GCR 1963, 504.1(2).

applies only when one has been filed.  The rule, however, is not to be read to mean that a plaintiff has an absolute right to dismissal if a counterclaim is not filed.  Such a reading would be contrary to the rule's purpose.