ADAMS v THE GREAT ATLANTIC & PACIFIC TEA COMPANY

OPINION OF THE COURT

1. WORKMEN'S COMPENSATION—BUREAU OF WORKMEN'S COMPENSA-
TION—JURISDICTION—STATUTES.

A dispute or controversy within the meaning of the Workers'
Disability Compensation Act is a jurisdictional element and its
existence at the time a claim is properly filed with the Work-
men's Compensation Bureau vests the bureau with jurisdiction
over the claim which cannot be unilaterally divested by either
party to the dispute (MCLA 418.847; MSA 17.237[847]).

2. ACTION—FORUM—JURISDICTION—VOLUNTARY DISMISSALS—ADVER-
SARY PROCEEDINGS—RESOLUTION OF CONTROVERSIES.

Restrictions upon voluntary dismissals require that a forum with
jurisdiction over a controversy be permitted to proceed to a
final resolution and that resolution may derive from a full
adversary proceeding on the merits, stipulation by the parties
to a determination, or summary resolution where a party is
entitled to prevail as a matter of law, but whatever mode is
employed, the purpose, which is a final resolution of the contro-
versy, is the same (GCR 1963, 504.1).

3. ACTION—FORUM—JURISDICTION.

The forum must be permitted to render an ultimate resolution,
once an adjudicatory proceeding has properly commenced.

4. WORKMEN'S COMPENSATION—EMPLOYERS—REFEREE'S AUTHORITY—
FINAL ORDERS—PARTIES' RIGHTS.

An employer cannot, by an agreement to pay worker's compensa-
tion, divest the hearing referee of authority to render a final
order settling the rights of the parties.

REFERENCES FOR POINTS IN HEADNOTES
[1, 5–8, 10, 11] 82 Am Jur 2d, Workmen's Compensation §§ 399, 472,
545.
[2] 82 Am Jur 2d, Workmen's Compensation §§ 459–468.
[3] 82 Am Jur 2d, Workmen's Compensation §§ 472, 545.
[4] 82 Am Jur 2d, Workmen's Compensation §§ 459–468, 540.
[9] 82 Am Jur 2d, Workmen's Compensation §§ 613–616, 630–637.

Concurrence by P. R. Mahinske, J.

5. Workmen's Compensation—Employers—Voluntary Payment of Benefits—Dispute or Controversy—Parties' Rights.

*A dispute or controversy within the meaning of the Workers' Disability Compensation Act exists even though an employer offers to begin voluntary payment of compensation benefits where all of the worker's proofs have been submitted and where there still is a genuine dispute between the parties regarding rate of compensation and date of injury.*

6. Workmen's Compensation—Dispute or Controversy—Determination of Rights—Statutes.

*The Worker's Disability Compensation Act clearly indicates that any dispute or controversy can be submitted for a determination of rights (MCLA 418.841, 418.847; MSA 17.237[841], 17.237[847]).*

7. Workmen's Compensation—Employers—Voluntary Payment of Benefits—Determination of Rights—Statutes.

*The simple expedient of voluntary payment of compensation benefits by an employer determines nothing in the absence of an admission or stipulation as to all the conditions of liability; neither the payment of compensation nor the accepting of the same by an employee or his dependents shall be considered as a determination of the rights of the parties under the Worker's Disability Compensation Act (MCLA 418.831; MSA 17.237[831]).*

8. Workmen's Compensation—Employers—Voluntary Payment of Benefits—Determination of Rights.

*The payment of workmen's compensation by an employer under an award, order, or proper stipulation determines the rights of the parties and such compensation cannot be discontinued or reduced without a further order or award.*

9. Workmen's Compensation—Appeal and Error—Appeal Board—Finding of Fact.

*The Workmen's Compensation Appeal Board is the final fact finder in the cases before it, but if the board interprets the Workers' Disability Compensation Act erroneously in reaching its decision appellate courts have the duty and authority to correct any such erroneous construction.*

10. Workmen's Compensation—Employees—Workers' Disability Compensation Act—Compensation Proceedings—Voluntary Payment of Benefits.

*Neither the Workers' Disability Compensation Act nor the gen-*

*eral court rules contain any express provision which would allow an employer to unilaterally force an end to proceedings by offering voluntarily to pay compensation benefits; furthermore, such an offer does not deny a claimant the right to proceed further to have the rights of the parties determined.*

11. WORKMEN'S COMPENSATION—DUE PROCESS HEARINGS—BUREAU OF COMPENSATION—OVERLOAD OF LITIGATION.

*Due process requires that a workmen's compensation plaintiff is entitled to a full and impartial determination of his claim even though voluntary payments of benefits are offered by an employer.*

Appeal from Workmen's Compensation Appeal Board. Submitted June 21, 1977, at Detroit. (Docket No. 27709.) Decided February 6, 1978.

Claim by Kermie Adams against The Great Atlantic & Pacific Tea Company for workmen's compensation. Benefits granted. Defendant appealed to the Workmen's Compensation Appeal Board, which reversed the referee's decision and award of benefits. Plaintiff appeals by leave granted. Reversed.

*Ripple & Chambers, P. C.* (by *Sanford L. Steiner*), for plaintiff.

*Lacey & Jones* (by *John L. Salter*), for defendant.

Before: D. C. RILEY, P. J., and BASHARA and P. R. MAHINSKE,* JJ.

BASHARA, J. The pertinent facts of this case are delineated in Judge MAHINSKE's concurring opinion. We conclude that procedural policy mandates reversal of the Workmen's Compensation Appeal Board determination and reinstatement of the referee's order.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Whether a dispute or controversy persists after an employer agrees to make voluntary payments, is an issue that exceeds the scope of inquiry required for the resolution of this case. A dispute or controversy within the meaning of MCLA 418.847; MSA 17.237(847) is a jurisdictional element. Its existence at the time a claim is properly filed with the Workmen's Compensation Bureau vests the bureau with jurisdiction over the claim. That jurisdiction cannot be unilaterally divested by either party to the dispute.

Policy considerations congruent to those underlying the restrictions upon voluntary dismissals embodied in GCR 1963, 504.1, require that a forum with jurisdiction over a controversy be permitted to proceed to a final resolution. See, *e.g., African Methodist Episcopal Church v Shoulders,* 38 Mich App 210; 196 NW2d 16 (1972). That resolution may derive from a full adversary proceeding on the merits, stipulation by the parties to a determination, or summary resolution where a party is entitled to prevail as a matter of law. Whatever mode is employed, the purpose is the same—a final resolution of the controversy.

A contrary result would leave the litigants susceptible to multiple commencements and terminations of the same proceedings depending upon the vagaries of an opponent inclined to frustrate final resolution of the case. The adverse consequences to the administration of justice are evident. Therefore, once an adjudicatory proceeding has properly commenced, the forum must be permitted to render an ultimate resolution.

In the case under review, the proceedings were commenced by plaintiff to determine his disputed right to compensation payments from defendant. Defendant cannot, by an agreement to pay com-

pensation, divest the referee of authority to render a final order settling the rights of the parties.

Reversed, and the order of the referee is reinstated. Costs to plaintiff.

D. C. RILEY, P. J., concurred.

P. R. MAHINSKE, J. *(concurring)*. This appeal involves the question of whether there is a "dispute or controversy" within the meaning of the Workers' Disability Compensation Act once the employer offers to begin voluntary payments after all of plaintiff's proofs have been submitted, and where there still exists a genuine dispute between the parties regarding rate of compensation and date of injury. We find that under these circumstances there is a dispute or controversy.

Plaintiff-appellant filed a petition for a hearing seeking workmen's compensation benefits on May 2, 1972. Injuries were claimed to have been sustained on January 5, 1968, during a welding accident. Compensation was voluntarily paid by the defendant-appellee until November 27, 1968, when plaintiff returned to work. Plaintiff's last day of work was October 4, 1971, and he was paid compensation until April 1, 1972, when defendant claims he was released from care and should have returned to work.

Testimony was taken and a medical deposition presented before the hearing referee. Plaintiff's petition claimed an aggravation of a preexisting condition created by work activity on October 4, 1971.

After all the proofs of plaintiff were in, defendant offered to pay compensation and maintained the matter was closed and therefore out of the hands of the referee. Plaintiff contended that unless a stipulated award was entered, including the

1971 compensation rate, the hearing referee should enter a formal award. Subsequent to argument of the law the referee entered a formal award. On appeal the Workers' Compensation Appeal Board (WCAB) set aside the award and ruled that the offer of voluntary payment took the matter from the referee. Stated otherwise, the WCAB ruled that there is no dispute or controversy after voluntary payment is offered.

In the matter now before this Court on appeal we have a situation where the claimant has gone to the expense, trouble, and effort to present his entire claim to the referee before voluntary payment was offered by the employer. Such fact situation in and of itself clearly distinguishes this case from the fact situation in *Arnett v Chrysler Corp,* 395 Mich 796 (1975). In *Arnett* the plaintiff was denied a hearing after the claim was filed and before the hearing was begun because the employer began voluntary payments. In addition, in the present case the record made below clearly indicates that after plaintiff's proofs were in and the offer of voluntary payments was tendered, there still remained a dispute between the parties regarding date of injury and rate of compensation.

The precise issue raised in the instant case is one of first impression in this Court.

The Workers' Disability Compensation Act clearly indicates that any dispute or controversy can be submitted for a determination of rights. See MCLA 418.841; MSA 17.237(841), and MCLA 418.847; MSA 17.237(847). The act is clear regarding the rights of the parties when there is a voluntary payment situation. MCLA 418.831; MSA 17.237(831) states:

"Neither the payment of compensation or the accept-

ing of the same by the employee or his dependents shall be considered as a determination of the rights of the parties under this act."

1964–65 AACS, R 408.40, Rule 10, p 3283, provides in part:

"When compensation is being paid under an order or award of the hearing referee or appeal board, compensation shall not be discontinued or reduced without a further order or award, * * * ."

The above clearly indicates that the simple expedient of voluntary payment determines nothing in the absence of an admission or stipulation as to all of the conditions of liability. The above also indicates that once compensation is being made under an award, order, or proper stipulation, the rights of the parties are determined, and such compensation cannot be discontinued or reduced without a further order or award. This implies a right to a hearing.

While it is true that the WCAB is the final fact finder in the cases before it, *Miller v Sullivan Milk Products, Inc,* 385 Mich 659, 669; 189 NW2d 304 (1971), it is also true that if the WCAB interprets the act erroneously in reaching its decision the appellate court has the duty and authority to correct any such erroneous construction. *DeGeer v DeGeer Farm Equipment Co,* 391 Mich 96, 100; 214 NW2d 794 (1974). Therefore, the instant case is properly before the Court to determine whether or not such an erroneous interpretation of the Workmen's Compensation Act has been made by the WCAB in reversing the award of the referee.

In its holding below the WCAB in effect held that an employer can unilaterally force an end to the proceedings by offering voluntarily to pay

benefits, and that such an offer denies the claimant any right to proceed further and have the rights of the parties determined. This Court disagrees with the board's interpretation of the Workers' Disability Compensation Act.

The act contains no express provision for doing what defendant and the WCAB urge as the proper procedure in cases like the instant one, *i.e.,* halting of proceedings automatically upon an offer to make voluntary payments on plaintiff's claim. Neither is there support for such a procedure under the General Court Rules.

It appears that plaintiff was afforded no more than his due process right to a full and fair determination of his claim when the referee granted an award in spite of defendant's offer to make voluntary payments. This would render improper the reversal of the referee's award by the WCAB.

It has been urged on this Court that there are overriding considerations which lend legitimacy to the ruling of the WCAB, *i.e.,* that the purpose of the act to encourage voluntary compliance is served and that to do otherwise would open a floodgate of litigation to overload the Bureau of Workers' Compensation. Weighed against the import of depriving plaintiff of his right to a full and impartial determination of his claim, such a remote possibility of encouraging litigation must lose. The suggestion was made by the Supreme Court in *Arnett, supra,* that on remand, administrative procedures could be adopted to deal with the issue. Administrative procedure may well be the answer to check the possible encouragement of litigation in future cases.

The decision of the WCAB is reversed and the order of the referee reinstated. Costs to appellant.