# STATE OF MICHIGAN

# COURT OF APPEALS

JPMORGAN CHASE BANK, N.A.,

        Plaintiff-Appellee,

v

FIRST MICHIGAN BANK and PEOPLES
STATE BANK,

        Defendants-Appellees,

and

KAYS ZAIR and PATRICE ZAIR,

        Defendants-Appellants.

UNPUBLISHED
January 29, 2015

No. 318763
Oakland Circuit Court
LC No. 2011-118087-CH

Before: SHAPIRO, P.J., and GLEICHER and RONAYNE KRAUSE, JJ.

PER CURIAM.

This case began as a priority dispute between two mortgagees regarding the real property of defendants Kays and Patrice Zair. After one mortgagee successfully foreclosed, the other filed suit. The mortgagees reached an agreement and the circuit court entered a consent judgment at their request. The Zairs appealed and had the judgment set aside based on the mortgagees' failure to secure their consent as well. Following that appeal, the plaintiff mortgagee decided it no longer wanted to pursue its priority claim and sought voluntary dismissal of this action. The circuit court granted that request, dismissing the action without prejudice and without costs to any defendant. The Zairs' contention that the circuit court should have imposed limitations on the voluntary dismissal is without merit and we affirm.

## I. BACKGROUND

Kays and Patrice Zair had two mortgages on their residential property: (1) a $250,000 mortgage loan from Peoples State Bank (PSB) that was recorded in 2002, and (2) a $1,321,000 mortgage loan with JPMorgan Chase Bank (Chase) that was recorded in 2007. The banks disputed whether PSB signed an effective subordination agreement making its first-recorded lien junior to that of Chase. At some point, the Zairs stopped making payments on both their mortgage loans. As a result PSB foreclosed on March 30, 2010. PSB placed the winning bid at the sheriff's sale and recorded its sheriff's deed. The Zairs did not redeem the property within six

-1-

months as required by MCL 600.3240(8), but negotiated an option agreement that would allow the Zairs' daughter, Tiffany Zair, to purchase the home free and clear from PSB for $850,000. However, Tiffany never signed the option agreement, which expired on October 31, 2010. The agreement was therefore rendered "null and void."[1]  In February 2011, First Michigan Bank (First Michigan)[2] purchased PSB's interest in the property.

On March 29, 2011, Chase filed suit against First Michigan and PSB to resolve the priority dispute. Chase named the Zairs in the complaint, but claimed that it did so for notice purposes only. First Michigan and Chase subsequently reached an agreement under which First Michigan would set aside the foreclosure and sheriff's deed. The banks filed a consent judgment to this effect. The Zairs objected, but the circuit court ruled that the Zairs had no interest in the property and were named in the complaint for notice purposes only. As the Zairs were not truly interested parties, the court determined that their consent was unnecessary to the entry of the judgment.

The Zairs appealed and this Court reversed the entry of the consent judgment, holding:

> Chase and First Michigan assert that the judgment actually benefited the Zairs. However, any beneficial effect of the judgment on the Zairs is not a matter for the Zairs' creditors to decide. Even if it could be established that from a pecuniary perspective, the Zairs gain from the restoration of their property rights and accompanying liens, that evaluation does not eliminate the necessity of obtaining their consent to the purported consent order.

> We reject the related arguments by Chase and First Michigan that the Zairs are not "aggrieved" by the order . . . .  To be aggrieved by a judgment, a party must have a legal right that was invaded, or some interest of a pecuniary nature in the outcome of the case, and not a mere possible interest arising from some unknown and future contingency. Here, the purported consent order voided the sheriff's sale. This restored the Zairs' interest in the property and also restored liens against the property that had been extinguished. The Zairs have a pecuniary interest related to the restoration of their property rights and the liens against the property. . . .  [*JPMorgan Chase Bank, NA v First Michigan Bank*, unpublished opinion per curiam of the Court of Appeals, issued June 27, 2013 (Docket No. 309857), unpub op at 2-3 (citation omitted) (*Chase I*).]

While the prior appeal was pending, the PSB/First Michigan foreclosure and sheriff's deed had been set aside and property rights automatically returned to the Zairs. Chase took the

---

[1] The Zairs insist that Tiffany exercised her option to purchase the property. However, the lower court record contains no signed copy of the option agreement and no evidence that any funds were paid toward the purchase of the property.

[2] First Michigan is now known as "Talmer Bank." The parties never changed First Michigan's title in the lower court or appellate clerk's office.

opportunity to foreclose on the property. It was the successful bidder at the sheriff's sale and recorded its deed in 2012. The Zairs filed suit against Chase, alleging that the redemption period under the Chase mortgage should be extended to allow their appeal in *Chase I*. The Zairs further raised challenges to the foreclosure proceedings based on Chase's failure to recognize the Zairs' qualification for a mortgage modification.

The circuit court summarily dismissed the Zairs' claims and imposed sanctions against them. The Zairs appealed that decision to this Court. After the resolution of *Chase I*, Chase and the Zairs filed a joint circuit court motion to vacate that court's judgment in the Zairs' lawsuit, but the circuit court refused. The parties also submitted a joint motion to vacate the lower court judgment in the pending *Zair* appeal. Given the reversal in *Chase I*, Chase conceded that it was proper to set aside its foreclosure sale and withdraw its filed sheriff's deed. This Court agreed and entered an order vacating the lower court judgment. *Zair v JPMorgan Chase Bank, NO*, unpublished order of the Court of Appeals, entered September 9, 2013 (Docket No. 315074) (*Zair*).

The proceedings on remand after *Chase I* are now at issue. Chase decided to voluntarily dismiss its lawsuit on remand. This decision would leave intact the First Michigan/PSB foreclosure and sheriff's deed. First Michigan concurred in this motion.

The Zairs opposed the voluntary dismissal motion without prejudice and without costs and attorney fees. The Zairs contended that voluntary dismissal would deprive them of their right "to fully vindicate their rights after incurring thousands of dollars in legal fees and over two years of aggravation." They further contended that Chase only sought voluntary dismissal because "its prospects of obtaining a favorable judgment . . . were slim or non-existent." Accordingly, the Zairs requested that the dismissal be granted with prejudice and after awarding their costs and fees.

At the October 2013 hearing on this matter, the parties agreed that the only issue before the court was the Zairs' "claim that they are entitled to full fees and costs based on this motion." Chase argued that the Zairs' property rights had been lost during the PSB foreclosure proceeding and had never been restored. Yet, the Zairs were trying to "raise claims related to the property that had never been made before in this Court during the pendency of the underlying case." While the Zairs asserted that "they stand on the cusp of prevailing in this lawsuit," all they sought was "a finding that the [First Michigan/PSB] mortgage had priority." And that was exactly the relief that would remain after Chase's lawsuit was voluntarily dismissed. Chase further noted that *Chase I* made no discussion of the merits of the case, and was based solely on the procedural issue of whether the Zairs were an interested party that had to stipulate to the consent judgment. Accordingly, there was no appellate decision that the Zairs had been harmed.

The Zairs' attorney noted that they had no objection to dismissing in relation to First Michigan. They did, however, object to any dismissal of Chase's claims without prejudice and without costs. Counsel conceded that the Court of Appeals had not awarded the Zairs costs or fees, but made no further elaboration on the defense arguments.

Ultimately, the circuit court granted the voluntary dismissal without prejudice and without costs. This appeal followed.

## II. ANALYSIS

MCR 2.504(A) is the court rule governing the voluntary dismissal of actions. It provides in relevant part:

> (2) By Order of Court. Except as provided in subrule (A)(1), an action may not be dismissed at the plaintiff's request except by order of the court *on terms and conditions the court deems proper.*
>
> (a) If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the court shall not dismiss the action over the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court.
>
> (b) Unless the order specifies otherwise, *a dismissal under subrule (A)(2) is without prejudice.* [Emphasis added.]

"Under MCR 2.504(A)(2), an action may not be dismissed at the plaintiff's request except by order of the court on terms and conditions the court deems proper." *Walbridge Aldinger Co v Walcon Corp*, 207 Mich App 566, 570; 525 NW2d 489 (1994). We review a trial court's decision on a motion for voluntary dismissal "to see whether the decision was without justification." *Id.* The trial court has discretion to grant a voluntary dismissal motion but "in exercising that discretion the trial judge is to weigh the competing interests of the parties along with any resultant inconvenience to the court from further delays." *African Methodist Episcopal Church v Shoulders*, 38 Mich App 210, 212; 196 NW2d 16 (1972). "Normally, such a motion should be granted unless defendant will be legally prejudiced as a result. As the purpose of [the court rule] is to protect defendant from the abusive practice of dismissal after much time and effort has been put into a lawsuit, any dismissal should be on terms and conditions which protect *defendant*." *Id.* (citation omitted, emphasis in original). See also *Makuck v McMullin*, 87 Mich App 82, 85; 273 NW2d 595 (1978) ("[T]he court should dismiss an action only if no prejudice to defendant will result."). And voluntary dismissal should not be granted simply to permit the plaintiff to avoid losing its suit. See *McLean v McElhaney*, 269 Mich App 196, 202-203; 711 NW2d 775 (2005), rev'd on other grounds 480 Mich 978 (2007); *Rosselott v Muskegon Co*, 123 Mich App 361, 375-376; 333 NW2d 282 (1983).

We discern no abuse of discretion in the circuit court's decision to grant Chase's voluntary dismissal motion without engrafting "terms and conditions" to benefit the Zairs. The Zairs cannot establish that they will be prejudiced as a result of the voluntary dismissal. See *Makuck*, 87 Mich App at 85; *African Methodist*, 38 Mich App at 212. First and foremost, the Zairs no longer have an interest to protect in the subject property. A person's "rights to [disputed] property [are] extinguished when the redemption period expire[s] and the foreclosure bec[omes] final." *Ruby & Assocs, PC v Shore Fin Servs*, 480 Mich 1107; 745 NW2d 752 (2008). See also *Al-Raeis v Aurora Bank, FSB*, ___ Mich App ___; ___ NW2d ___ (Docket No. 316269, issued December 9, 2014), slip op at 3-4, citing *Bryan v JPMorgan Chase Bank*, 304 Mich App 708, 713-715; 848 NW2d 482 (2014). The Zairs failed to challenge the PSB foreclosure before the end of the redemption period—September 30, 2010. Absent "a clear showing of fraud" or an allegation of irregularity in the proceedings, a timely challenge is

required or the mortgagor forever loses his or her property rights and the right to challenge the foreclosure procedure. *Al-Raeis*, slip op at 3-4, quoting *Bryan*, 304 Mich App at 713-714. Accordingly, by the time Chase filed its lawsuit in March 2011, as the Zairs had raised no allegations of fraud or irregularity, the Zairs had no property right to vindicate.

This Court's opinion in *Chase I* does not demand a different result. Prior to the *Chase I* appeal, Chase and First Michigan reached an agreement that Chase's mortgage should take priority. As a result, the circuit court entered an order setting aside the PSB/First Michigan foreclosure and sheriff's deed. At that time, the property rights naturally returned to the Zairs. This was not completely beneficial to the Zairs, because Chase's much larger lien was revived. This Court did not express any thoughts on the underlying priority dispute or the validity of the foreclosure process. Rather, this Court merely stated that Chase and PSB/First Michigan could not enter a consent judgment without the Zairs' input and agreement because reviving their property interest and the Chase lien affected their interests. *Chase I*, unpub op at 3.

As a result of *Chase I*, the Chase lien was again extinguished and the PSB/First Michigan foreclosure and sheriff's deed were restored. The Zairs again found themselves with no interest in the property. Accordingly, the Zairs had nothing left to vindicate when Chase sought to discontinue its priority battle and to allow First Michigan to keep the property at Chase's expense.

The Zairs raised no actual argument in connection with the Option Agreement they attached to their response to Chase's voluntary dismissal motion. The Zairs imply, however, that if the lawsuit had not been dismissed, they could have raised the document as a defense to any claim by PSB/Michigan. "An option is basically an agreement by which the owner of the property agrees with another that he shall have a right to buy the property at a fixed price within a specified time." *In re Egbert R Smith Trust*, 480 Mich 19, 25; 745 NW2d 754 (2008) (quotation marks and citation omitted). It is a contract, "an enforceable promise not to revoke an offer." *Id.* (quotation marks and citation omitted). Here, the property owner (then PSB) promised "another," Tiffany Zair, that it would sell the property to Tiffany for $850,000. Kays and Patrice Zair were not parties to this contract. Moreover, Tiffany did not act within the "specified time"—by October 31, 2010. Once the option period expires, the property owner no longer must honor it and can transfer the property interest to others. *Id.* at 26. PSB's rights were made even clearer in the subject Option Agreement because that document specifically indicates that Tiffany's failure to exercise the option by the expiration date renders the agreement null and void. The Zairs cannot defend against or challenge PSB/First Michigan's foreclosure with a null and void option agreement to which they were never parties.

Contrary to the Zairs' challenge, the voluntary dismissal was not entered to permit Chase to avoid a negative result at trial. See *McLean*, 269 Mich App at 202-203; *Rosselott*, 123 Mich App at 375-376. The only claim raised by Chase was against PSB/First Michigan. Chase sought to identify which bank's lien had priority. The lower court record includes a signed subordination agreement, which Chase sought to enforce. Although PSB/First Michigan argued at one time that Chase never provided necessary consideration to give the subordination agreement effect, it clearly changed its position by agreeing prior to *Chase I* to enter a consent judgment giving the Chase lien priority. PSB/First Michigan's change of heart could have been based on the evidence reviewed during discovery, convincing them that they would not be

successful at trial. Chase's decision to abandon its lawsuit after *Chase I* and *Zair* is also not a reflection on the merits of the case. The evidence still could have supported the priority of Chase's lien; however, Chase could have conducted a cost-benefit analysis and decided it no longer wanted to pursue its rights in this case.

And no terms or conditions were required to protect the Zairs. See *African Methodist*, 38 Mich App at 212. The Zairs' position is "no worse than before the circuit court action." *McKelvie v City of Mount Clemens*, 193 Mich App 81, 86; 483 NW2d 442 (1992). Before Chase filed suit, the Zairs had no property interest. That property interest was briefly restored during the proceedings. However, the Zairs had done nothing during the proceedings to restore their property rights permanently. For example, the Zairs made no attempt to redeem their property and have never challenged the propriety of the PSB foreclosure process. Accordingly, the Zairs ended the lawsuit in the same position as they began, holding over on property on which they had no legal right to reside. And it was the Zairs' decision to incur any legal fees. They did not need to take part in the priority dispute. They chose to do so, filed an appeal, and extended the proceedings, only to reach a point where they had absolutely no defense to restore their property rights. Chase did not cause the Zairs' legal fees and costs, they brought those fees on themselves.

We affirm. Appellees, as the prevailing parties, may tax costs pursuant to MCR 7.219.

/s/ Douglas B. Shapiro
/s/ Elizabeth L. Gleicher
/s/ Amy Ronayne Krause