*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PROGRESSIVE MICHIGAN INSURANCE
COMPANY,

        Plaintiff-Appellee,

v

LAYLA AHMED, SHAIKH TAHLA AHMED, and
SHAIKH S. AHMED,

        Defendants,

and

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

        Appellant.

UNPUBLISHED
March 18, 2026
11:30 AM

No. 373568
Wayne Circuit Court
LC No. 23-015259-CK

Before: RIORDAN, P.J., and O'BRIEN and YOUNG, JJ.

PER CURIAM.

In this matter involving entry of a judgment and a dismissal, appellant State Farm Mutual Automobile Insurance Company, designated as an interested party in the trial court, appeals by delayed leave granted the trial court's September 18, 2024 order dismissing the case in favor of plaintiff, Progressive Michigan Insurance Company.[1] State Farm also challenges the trial court's June 13, 2024

---

[1] State Farm appeals two separate court orders. State Farm's original appeal was dismissed by this Court because it filed an appeal of right from the trial court's September 18, 2024 order of voluntary dismissal and not the June 13, 2024 default judgment, which we determined was the final order from which State Farm had an appeal of right. See *Progressive Mich Ins Co v Ahmed*, unpublished order of the Court of Appeals, entered October 15, 2024 (Docket No. 372794). We subsequently granted State Farm's delayed

order granting a default judgment to Progressive against defendants, Layla Ahmed, Shaikh Tahla Ahmed and Shaikh S. Ahmed. On appeal, State Farm argues that the trial court abused its discretion when it applied its entry of default judgment against the Ahmed defendants to Carson Wilson, another interested party, and State Farm by entering Progressive's order of voluntary dismissal. We reverse the trial court's grant of Progressive's dismissal order and remand to that court for further proceedings.

## I. BACKGROUND

In 2023, Carson Wilson filed a complaint against Layla Ahmed, Shaikh T. Ahmed, and State Farm, alleging that Layla and Shaikh T. Ahmed were liable for damages caused when Layla ran a red light and hit Wilson's vehicle, which was insured by State Farm, on August 28, 2022. Shaikh T. Ahmed owned the vehicle driven by Layla, but it was insured by Shaikh S. Ahmed through Progressive. After the accident, Progressive learned that Shaikh S. Ahmed did not disclose that the vehicle was garaged at more than one residence. Progressive alleged that had it known the proper garage locations of the vehicle, the charged insurance premium would have increased by 109 percent. On November 22, 2023, Progressive filed the complaint giving rise to this case, seeking declaratory relief from the trial court and arguing that the Ahmed defendants and interested-party Wilson were not entitled to coverage from Progressive due to these material misrepresentations. In particular, Progressive named Layla Ahmed, Shaikh Tahla Ahmed and Shaikh S. Ahmed as defendants, and Carson Wilson and State Farm as interested parties.

State Farm and Wilson both answered Progressive's complaint. The Ahmed defendants did not respond, and the trial court entered a default judgment against the Ahmed defendants on June 13, 2024. On September 5, 2024, Progressive submitted a proposed voluntary dismissal order of the entire case. On September 18, 2024, the trial court granted Progressive's voluntary dismissal of the case. On December 3, 2024, this appeal was initiated when State Farm filed its delayed application for leave to appeal, which was granted by this Court on April 28, 2025. *Progressive Mich Ins Co v Ahmed*, unpublished order of the Court of Appeals, entered April 28, 2025 (Docket No. 373568).

On appeal, State Farm argues that the trial court erred when it extended the June 13, 2024 default judgment against the Ahmed defendants to interested parties State Farm and Wilson in September 2024. According to State Farm, the interested parties, or at least State Farm itself, have a right to litigate in the instant case whether Wilson is an "innocent third party" who still may receive no-fault benefits from Progressive notwithstanding the material misrepresentations of Shaikh S. Ahmed. Progressive has responded, arguing that the trial court properly dismissed this case in September 2024 because there were no remaining claims before it.

## II. ANALYSIS

A trial court's grant of default judgment is reviewed for an abuse of discretion. *Huntington Nat'l Bank v Ristich*, 292 Mich App 376, 383; 808 NW2d 511 (2011). We also review a trial court's grant of a voluntary dismissal for abuse of discretion. *Nowacki v Dept of Corrections*, 319 Mich App 144, 148; 900 NW2d 154 (2017). "A trial court abuses its discretion when it reaches a decision that falls outside the

---

application for leave to appeal. *Progressive Mich Ins Co v Ahmed*, unpublished order of the Court of Appeals, entered April 28, 2025 (Docket No. 373568). Thus, the propriety of both of those orders is now before us.

range of principled outcomes." *Ristich*, 292 Mich App at 383. "This Court will not set aside a grant or denial of a voluntary dismissal unless it can be said that the lower court's action was without justification." *Mleczko v Stan's Trucking, Inc*, 193 Mich App 154, 155; 484 NW2d 5 (1992).

State Farm argues that the trial court abused its discretion by granting Progressive's voluntary dismissal of the case because the procedures described in MCR 2.504(A) were not followed. Relatedly, State Farm argues that the trial court erred when it applied the grant of default judgment against the Ahmed defendants to State Farm and Wilson as interested parties because doing so precluded their right to defend their interests in this case. We agree with both arguments.[2]

Voluntary dismissal is governed by MCR 2.504(A), which provides:

(1) *By Plaintiff; by Stipulation.* Subject to the provisions of MCR 2.420 and MCR 3.501(E), an action may be dismissed by the plaintiff without an order of the court and on the payment of costs

(a) by filing a notice of dismissal before service by the adverse party of an answer or of a motion under MCR 2.116, whichever first occurs; or

(b) by filing a stipulation of dismissal signed by all the parties.

Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a dismissal under subrule (A)(1)(a) operates as an adjudication on the merits when filed by a plaintiff who has previously dismissed an action in any court based on or including the same claim.

(2) *By Order of Court.* Except as provided in subrule (A)(1), an action may not be dismissed at the plaintiff's request except by order of the court on terms and conditions the court deems proper.

(a) If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the court shall not dismiss the action over the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court.

(b) Unless the order specifies otherwise, a dismissal under subrule (A)(2) is without prejudice.

---

[2] Progressive argues that State Farm did not properly preserve the issue of whether the trial court erred by granting voluntary dismissal because State Farm did not argue to the contrary in the trial court. However, under the circumstances of this case, where State Farm is challenging the trial court's dismissal decision itself, no further action by State Farm was necessary to preserve the issue. See *Glasker-Davis v Auvenshine*, 333 Mich App 222, 227-228; 964 NW2d 809 (2020) (explaining that issues decided by the trial court generally are preserved for review).

Here, the parties agree that the order granting a dismissal of the entire case to Progressive was not properly entered under MCR 2.504(A)(1) because State Farm and Wilson answered Progressive's complaint and did not stipulate entry of the dismissal order. See MCR 2.504(A)(1)(a) and (b). Instead, the parties dispute whether the dismissal order was properly entered under MCR 2.504(A)(2).

MCR 2.504(A)(2) required Progressive to file a motion for dismissal. *Mleczko*, 193 Mich App at 156, citing 3 Martin, Dean & Webster, Michigan Court Rules Practice (8th ed), Rule 2.504, commentary, p 51.[3] See also *African Methodist Episcopal Church v Shoulders*, 38 Mich App 210, 212; 196 NW2d 16 (1972) (explaining that a motion triggers the procedures for voluntary dismissal under GCR 1963, 504.1(2), the predecessor to MCR 2.504(A)(2), as well as F R Civ P 41(a)(2), the federal analog to the state-court rules). Progressive never moved for voluntary dismissal as is required under MCR 2.504(A)(2). Instead, it appears that Progressive merely submitted a copy of a voluntary dismissal order, which was later entered by the trial court. As such, Progressive may have incorrectly conflated or confused the procedure for a voluntary dismissal under MCR 2.504(A)(2) and the procedure delineated in MCR 2.602(B)(3) for entering written orders concerning matters already decided by the trial court.[4] Therefore, we agree with State Farm that MCR 2.504(A)(2) did not provide a basis for dismissing this case.

We also agree with State Farm that it, and Wilson, had a continuing legal interest in this case notwithstanding the default judgment against the Ahmed defendants. In *Allstate Ins Co v Hayes*, 442 Mich 56; 499 NW2d 743 (1993), our Supreme Court ruled that a trial court in an action for declaratory judgment has the authority to "declare the rights of any interested party before it." *Id*. at 67. In other words, a trial court is not restricted to only declaring the rights of the plaintiff who originally sought declaratory judgment. *Id*. at 68. The Court specifically explained that "even where the dispute between an insurer and an insured has become moot by virtue of the insured's default or refusal to contest the coverage provisions, the actual controversy between the insurer and the injured party remains viable." *Id*. at 72. As applied here, although the Ahmed defendants were defaulted, the "actual controversy" between Progressive and Wilson and, by extension, State Farm as Wilson's insurer, remained viable.

Consequently, when the trial court entered its September 18, 2024 order granting dismissal, it precluded State Farm from defending its interests consistent with the answer filed by State Farm in response to Progressive's complaint. Since State Farm has an interest in the availability of coverage to Wilson, its insured, through Progressive, State Farm presumptively was entitled to defend those interests in this case. At a minimum, State Farm was entitled to present arguments to the trial court regarding how

---

[3] Progressive challenges this interpretation of MCR 2.504(A)(2) and argues that a motion is not required under that court rule. However, in addition to *Mleczko*, the context of the court rule suggests a motion is required. For example, MCR 2.504(A)(2)(a) implies that the party seeking voluntary dismissal must file a motion when it states: "If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss . . . ." By using the word "the" before "plaintiff's motion to dismiss," the court rule indicates that the proper method to obtain a voluntary dismissal from the trial court under MCR 2.504(A)(2) is by filing a motion.

[4] MCR 2.602(B)(3) sets forth what is commonly referred to as the "seven-day rule."

to avoid or minimize prejudice to State Farm in the event that the trial court decided to grant Progressive's hypothetical motion for voluntary dismissal. See *Shoulders*, 38 Mich App at 212.

Progressive disagrees, arguing that (1) there were no remaining claims or issues to resolve after default was entered against the Ahmed defendants, and (2) State Farm was not aggrieved by the dismissal because the dismissal was without prejudice. Progressive's arguments are unavailing. Progressive sought "declaratory judgment that no coverage defense or indemnification is owed to . . . Interested Party Wilson for any losses, claims, or damages of person, arising out of the August 28, 2022 motor vehicle accident." State Farm and Wilson answered Progressive's complaint. Because Progressive sought a declaratory judgment that would preclude State Farm from being relieved of some or all liability under, for example, the innocent third-party doctrine, see *Bazzi v Sentinel Ins Co*, 502 Mich 390; 919 NW2d 20 (2018), dismissing the case removed the opportunity for the trial court to adjudicate or hear arguments regarding State Farm's interests. "Once the issues have been framed, the [trial] court should hear the merits of the controversy on the record." *Kuhn v City of East Detroit*, 50 Mich App 502, 504; 213 NW2d 599 (1973). As a result, Progressive is incorrect in asserting that there were no remaining claims or issues after the default of the Ahmed defendants.

Similarly, Progressive's assertion that State Farm was not aggrieved because the voluntary dismissal presumptively was "without prejudice," see MCR 2.504(A)(2)(b), also is unpersuasive. As explained, State Farm has a direct interest in the issue of the insurance coverage available to Wilson from Progressive, and the trial court's order of dismissal prevented State Farm from exercising its right to defend that interest. Moreover, as already noted, State Farm at least had an interest in presenting arguments to the trial court regarding how to avoid or minimize prejudice to State Farm in the possible event of a voluntary dismissal. See *Shoulders*, 38 Mich App at 212.

## III. CONCLUSION

The trial court abused its discretion when it entered the order of dismissal submitted by Progressive without motion or stipulation. Doing so precluded State Farm from defending its interests as an interested party or otherwise seeking to diminish the prejudice arising from voluntary dismissal. Accordingly, we reverse the trial court's September 18, 2024 order granting Progressive's voluntary dismissal, and remand to that court for further proceedings consistent with our opinion. We do not retain jurisdiction.[5]

/s/ Michael J. Riordan
/s/ Colleen A. O'Brien
/s/ Adrienne N. Young

---

[5] To be clear, the upshot of our opinion is not necessarily that voluntary dismissal is precluded under MCR 2.504(A)(2) on remand. Rather, Progressive must file a motion to trigger the trial court's consideration of that court rule, and State Farm and Wilson must be allowed the opportunity to present contrary arguments to the trial court consistent with the ordinary procedural rules concerning such matters.